### CURTIS vs. SMALLMAN.

A guaranty in these terms, " I warrant this note good," endorsed by a payee upon a note, is a guaranty that the note is collectable, and not that it will be paid on demand ; and to charge the guarantor it is necessary to show that payment cannot be *enforced* against the maker.

ERROR from the Onondaga common pleas. Smallman sued Curtis in a justice's court. The suit was commenced 6th January, 1834. On the trial, the plaintiff produced a due bill given by one S. Gilson, whereby Gilson acknowledged to be due to Curtis or *bearer* the sum of $22,64, with use since June 24, 1833, with an endorsement on the back thereof, signed by Curtis, in these words : " *I warrant this note good.* June 27, 1833." The defendant admitted his signature. The plaintiff rested. The defendant moved for a nonsuit, which the justice refused to grant. The justice took time to deliberate, and afterwards rendered judgment *against the plaintiff* for the costs of suit. The common pleas of Onondaga *reversed* the justice's judgment, and the defendant sued out a writ of error.

*T. J. Davis*, for plaintiff in error, insisted that the endorsement was a mere guaranty that the note was collectable by due process of law, and no evidence having been adduced of measures taken for the collection of the note from the maker thereof, the plaintiff below was not entitled to maintain an action against the guarantor.

*G. A. Stansbury*, for plaintiff in error, contended that the warranty applied to the *obligation* assumed by the maker, i. e. that the *promise* was good and effectual, and would be per-

formed, and not that the holder should be able to collect the amount of the maker. A warranty that the *maker was good* would apply to his *ability* to pay, and might imply that an attempt should be made to collect the note as the only test of his ability ; but a warranty that *the note is good* means that it is an effectual instrument, and will be paid according to its legal effect. It could not mean that it was a genuine instrument, for such a warranty is included in every transfer without endorsement ; and to give it such meaning would render it wholly useless, and violate the rule of construction which requires that contracts in doubtful terms shall be so construed *ut res magis valent quam pereat.* A suit against Gilson is not required either by the *terms* of the endorsement, or by *necessary implication.* 11 *Wend.* 100. The only true construction of the instrument is, that Curtis intended to endorse the note waiving demand and notice of non-payment, and consequently became liable for its payment, if not paid within a reasonable time by the maker, 1 *Wendell,* 461. The suit was not commenced until more than six months after the transfer.

*By the Court,* SUTHERLAND, J. I think the court of common pleas erred. The note or due bill must be considered as bearing date the 24th of June. It was due immediately, that is, on demand. The guaranty bore date the 27th of June, three days afterwards. The natural construction of the terms of the warranty, I think is, that the note should be a good and available one to the plaintiff ; not that it should be paid on demand, but that payment of it might be enforced. This would be the import of these terms in ordinary parlance. If an individual, upon inquiry, should say that a note of a particular individual was good, I apprehend all he would be understood to mean would be, that the maker was of unquestionable responsibility, not that his note would be promptly paid at maturity. A note is good, when the maker is solvent and able to pay it, and a warranty that *it is good* expresses that and no more ; and it is incumbent upon the holder of such a note and guaranty, in order to charge the guarantor, to prove by legal evidence that the maker was not good, and that payment of the note could not be enforced from him. When the

construction of the guaranty is once settled, there is no doubt as to the rule of law applicable to it. 19 *Johns. R.* 69. 4 *Cowen*, 173. 20 *Johns. R.* 365. 1 *Wendell*, 460. 11 *id.* 100, *and the authorities referred to in those cases.*

Judgment of common pleas reversed.