# SUPREME COURT.

## ELIJAH T. GRANT and others agt. A. VAN EPPS HOTCHKISS.

If the contract of a *surety* imports anything more than a liability *accessory*, or *collateral* to that of another person, he becomes a principal debtor.

But the contract of a surety may be for the payment of the debt, when it becomes due; or it may only amount to an assurance that the principal debtor is solvent; and that the demand can be enforced against him. In the one case the surety is liable at once, on the failure of the principal to satisfy the demand; in the other, he is liable only when the necessary legal means of enforcing compliance against the principal, have been exhausted; or at least on proving by legal evidence that he was not solvent.

To determine to which class any *guaranty* belongs, depends of course, upon the construction of the language employed.

The language of the guaranty in this case is as follows: "All drafts drawn by George C. Hotchkiss will be duly honored and paid by me, should he meet with any misfortune that he will not be able to do it himself."

*Held*, that this was not an assurance that George C. Hotchkiss was then a solvent person, and that he was *good* for the amount, but a promise that if he should not be able to pay it, that the defendant would. It was not, therefore, necessary for the plaintiff to prove that he had exhausted his remedy against George C. Hotchkiss; it was only necessary to show that the drafts had not been paid when they became due. "Misfortune" comprehends any cause which may prevent the principal from paying the debt.

*Held*, also, that both the circumstances and the contract constitute in the present case, a full and perfect *consideration*, and are distinctly set forth in the complaint.

*New-York Special Term, April, 1857.*
DEMURRER to complaint.

PLATT, GERARD & BUCKLEY, *for plaintiffs.*
HOMER H. STUART, *for defendant.*

CLERKE, Justice. Every obligation of a surety is a liability, accessory or collateral to that of another person. Under no form of expression can it be anything else; if the contract imports more than this, he becomes a principal debtor. But the contract of a surety may be for the payment of the

debt, when it becomes due; or it may only amount to an assurance, that the principal debtor is solvent, and that the demand can be enforced against him. In the one case, the surety is liable at once on the failure of the principal to satisfy the demand; in the other, he is liable only when the necessary legal means of enforcing compliance against the principal, have been exhausted; or at least, on proving by legal evidence, that he was not solvent. To determine to which class any guaranty belongs, depends, of course, upon the construction of the language employed. The guaranty, mentioned in *Curtis* agt. *Smallman*, (14 *Wend.* 231,) is in these terms: "I warrant the note good;" and it was decided, in that case, to be a guaranty that the note was collectible, and not that it would be paid on demand. This was deemed to be the ordinary popular signification of the phrase.

The language of the guaranty before me, is in these words: "all drafts drawn by George C. Hotchkiss will be duly honored and paid by me, should he meet with any misfortune that he will not be able to do it himself." This is not an assurance that George C. Hotchkiss was then a solvent person, and that he was "*good*" for the amount, but a promise if he should not pay it, that the defendant would; it does not warrant the solvency of the principal, but guaranties the payment of the debt. It says nothing, or imports nothing at all, of the then present ability of George C. Hotchkiss, but expressly stipulates the payment of the debt in his stead, if, from misfortune, he should not be able, in his own person, to satisfy the demand. This may be a slender, perhaps an imaginary, distinction; but it is one evidently recognized in our law. This word "misfortune" comprehends any cause which may prevent the principal from paying the debt. The defendant, in short, undertook to pay the amount of the drafts, if the principal should not be able to do it himself. It was not, therefore, necessary for the plaintiff to prove that he had exhausted his remedy against George C. Hotchkiss; it was only necessary to show that the drafts had not been paid, when they became due.

The next objection is, that the guaranty does not sufficiently state a consideration. The complaint, in substance, states that the defendant, in August, 1855, introduced George C. Hotchkiss to the plaintiffs, and solicited them to permit the said George to make drafts on them on wheat, which he proposed to consign to the plaintiffs in New-York, to sell for him on commission ; that for the purpose of securing the plaintiffs, the defendant addressed a letter to them, containing the words which I have already quoted. It is contended that this case comes within the decision of *Brewster* agt. *Silence*, (4 *Selden*, 207 ;) but it may, with much greater truth, be insisted that it comes within the decision of the *The Union Bank* agt. *Coster's exrs.*, (3 *Comstock*, 204,) and the still more recent case of *Gates* agt. *McKee*, (3 *Kern.* 232.) The consideration in this last case is stated almost precisely in the same terms as the consideration in this guaranty. In the one, it is : " I will be responsible for what stock M. E. McKee has had or may want hereafter, to the amount of $500 ;" in the case before us, the language is : " all drafts drawn by George C. Hotchkiss will be duly honored and paid by me," &c. The consideration in the one, is the stock to be delivered ; in the other, money to be advanced on the drafts. In this case, the transaction set forth in the complaint, shows that the drafts were to be honored by the plaintiffs, on wheat to be consigned to them ; and if there is anything ambiguous in the language of defendant's letter, according to well established principles, reiterated in the cases to which I have referred, " parol evidence of the circumstances under which the contract was made, may be given." Both the circumstances and the contract constitute, in the present case, a full and perfect consideration, and are distinctly set forth in the complaint. *Brewster* agt. *Silence* presented a guaranty, without stating, on its face, any consideration ; and the question seemed to be, whether the note and guaranty should be treated as constituting one instrument. The court say, that the words " value received," would probably have sufficed ; but, as the guaranty did not contain any such words, and as the note was treated as a distinct, pre

existing, and separate instrument, it was held that as the contract of guaranty stated no consideration, or satisfactory reference to a consideration, it was void by the statute of frauds. There may be a conflict, in some respects, between this case and that of *Gates* agt. *McKee*, and of the *Union Bank* agt. *Coster's Exrs.*; but I have no hesitation in yielding my homage, if there is a conflict, to these cases in preference to that of *Brewster* agt. *Silence.*

Demurrer overruled with costs, with liberty to answer within twenty days on payment of the costs.