EDWARD COWLES, EXECUTOR, vs. GEORGE H. PECK.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A guaranty of a note in these words: "I guarantee the within note good till paid," is conditional, and is an undertaking that the note is collectible by the use of ordinary diligence.
A guaranty of a note requires a sufficient legal consideration.

[Argued June 16th—decided July 15th, 1887.]

ACTION on a guaranty of a promissory note; brought to the District Court of Waterbury.

The complaint alleged that on August 3d, 1878, one Robert Peck executed and delivered a note to the plaintiff's testator, David M. Cowles, for the payment to his order of $500 on demand, for value received, with interest annually at seven per cent., and that the defendant executed the following guaranty on the back of the note: "I guarantee the within note good till paid;" that the said Robert Peck had since deceased and the defendant as his administrator had paid the plaintiff the sum of $119.96, and refused to pay him the balance upon the guaranty. The defendant demurred to the complaint, on the ground, (1) that it was not alleged that diligence had been used to collect the note from the maker or his estate, and (2) that no consideration for the guaranty was alleged. The court (*Bradstreet, J.,*) sustained the demurrer and rendered judgment for the

defendant. The plaintiff appealed to the Superior Court in New Haven County, and that court (*Andrews, J.,*) affirmed the judgment. The plaintiff then appealed to this court.

*E. F. Cole,* for the appellant.

1. Where a note is in terms " for value received " the law presumes a consideration and the burden of proving that there was none rests upon the defendant. And it is for him to set up the want of consideration in his answer, and not for the plaintiff to allege a consideration. Edwards on Bills, 311; *Raymond* v. *Selleck,* 10 Conn., 483; *Bristol* v. *Warner,* 19 id., 7. The consideration thus established for the note is good for the guaranty upon it. Both were executed at the same time and are to be taken together as one transaction. The mere fact that writings bear the same · date is enough to lead the court to treat them as one transaction unless the contrary appears. *Bushnell* v. *Church,* 15 Conn., 414.

2. The guaranty is to be construed as an absolute one, requiring no diligence on the part of the holder to collect the note. *Breed* v. *Hillhouse,* 7 Conn., 523; *City Savings Bank* v. *Hopson,* 53 id., 453. The fact that the note was on demand, and with interest payable annually, shows clearly that it was to be a continuing guaranty and that none of the parties contemplated the taking of legal measures for its collection.

*W. H. Williams,* for the appellee, cited, as to the conditional character of the guaranty—2 Daniel on Neg. Instruments, § 1769, and notes; Edwards on Bills, 235; 2 Parsons on Notes & Bills, 140; *Allen* v. *Rundle,* 50 Conn., 9, 20; *Hammond* v. *Chamberlain,* 26 Verm., 406. And as to the necessity for a legal consideration of the guaranty—2 Parsons on Notes & Bills, 125; De Colyar on Guarantees, 19, 151; Bliss on Code Pleading, § 268; *Colburn* v. *Tolles,* 14 Conn., 341; Practice Act, forms 138, 165.

LOOMIS, J. This is a complaint to recover upon a guar-

anty in writing signed by the defendant on the back of a note given August 3d, 1878, by one Robert Peck, and payable to the order of David M. Cowles, the plaintiff's testator, since deceased. A demurrer to the complaint, which was sustained in the court below, raises two questions for our consideration.

1. Was the guaranty an absolute or a conditional one? It was in these words :—"I guarantee the within note good till paid."

The complaint is framed upon the assumption that it is an absolute guaranty of payment that required no action on the part of the payee or the plaintiff, while the demurrer on the other hand assumes that the guaranty is conditional and means that the note is capable of being collected by the use of ordinary diligence. We think the defendant's construction must be accepted as the true one.

All the authorities agree that there is a broad distinction between guarantees of payment and guarantees of collection. The former are an absolute unconditional undertaking on the part of the guarantor that the maker will pay the note, while the latter are an undertaking to pay if payment cannot by reasonable diligence be obtained from the principal debtor.

There is some disagreement in the authorities as to the precise steps to be taken by the holder of a conditional guaranty in order to subject the guarantor, but this distinction is of no importance in this case, inasmuch as the complaint, in effect, concedes that no steps whatever were taken to collect the note of the maker, and there is no averment that it was not a collectible note.

There has been no case before this court where the words of the guaranty were precisely like this. That of *Allen* v. *Rundle*, 50 Conn., 20, comes nearest to it; but there the words were "good and collectible," and they were construed as constituting a conditional guaranty. We do not think the addition of the word "collectible" controlled that case, for the words "good" and "collectible" are of similar import when used in such connection.

The plaintiff in support of his position cited *City Savings Bank* v. *Hopson et al.*, 53 Conn., 454, where the guaranty was in this form :—" For value received we guarantee the within note until paid," which was held to be a guaranty of payment. In view of this case the plaintiff's counsel, with a suggestive play upon the words, asked :—" How can the insertion of the word 'good' in a guaranty make it bad ? " It cannot make it bad, but it may determine the class to which the guaranty belongs. Had the plaintiff used ordinary diligence in collecting the note of the maker or shown that it was not collectible, he could have recovered, provided of course there was a good consideration. The simple question is—what does the word " good " in such a connection import?

It seems to us unnatural to give it all the force that attaches to the word " payment," for the latter refers to the act of the debtor alone irrespective of any steps taken by the creditor, while the former word refers to and qualifies the note. The maker of a note may pay it when no one would have considered the note good, and on the other hand a note may be considered perfectly good which the maker would not pay till compelled to do so. The accepted test of the goodness of a note is its capability of being collected independent of any voluntary act of payment on the part of the maker, and the use of ordinary diligence on the part of the holder is implied where diligence would avail.

In *City Savings Bank* v. *Hopson, supra*, there was no word to limit the extent of the guaranty except the words " till paid." The court therefore considered the guaranty as belonging to the stronger class of absolute guarantees requiring actual payment, and the case was likened to that of *Breed* v. *Hillhouse*, 7 Conn., 523, where the word " payment " was used.

Our position receives strong confirmation from distinguished text writers and from decisions in other jurisdictions.

In Edwards on Bills and Promissory Notes, side page 235, it is said :—" ' I warrant this note good ' means that it is collectible, that the maker is responsible ; it is not an engagement that the note will be promptly paid at maturity ;

and it is therefore incumbent on the holder of such note and guaranty, in order to charge the guarantor, to prove by legal evidence that the maker was not responsible." In 2 Daniel on Negotiable Instruments, § 1769, it is said:—" The words ' I guarantee the collection of the within note and I promise that this note is good and collectible after due course of law,' and ' I warrant this note good,' are phrases of similar import, binding the guarantor only upon condition that the guarantee acts with due diligence in prosecuting the collection of the note." In *Hammond* v. *Chamberlain*, 26 Verm., 406, " I hereby guarantee this note good until January 1st, 1850," was held collateral and not an absolute undertaking, and that the contract meant that the makers of the note should be in that condition that payment could be enforced against them if legal diligence was used for that purpose. In *Curtis* v. *Smallman*, 14 Wend., 231, a guaranty, " I warrant this note good," endorsed by the payee on the note, was held to be a guaranty that the note is collectible and not that it will be paid on demand. In *Cooke* v. *Nathan*, 16 Barb., 342, it was held that a contract, " This note is good," meant that it could be collected by due course of law.

The case of *Kock* v. *Melhorn*, 25 Penn. St., 89, has been cited by text writers as opposed to the construction given above, and so far as we have noticed it is the only opposing case. It seems to us however that it is distinguishable from the cases cited. It was an action on a parol warranty of a note, where the words used were that the note was " just as good as if he would give him [the plaintiff] the money—that he would insure it as good as gold and silver." It will be seen that the meaning did not depend on the word " good " alone; there is specially made an extra standard of the goodness intended, that is, it was just as good as if he would give him the money, which is actual payment; and when it was added:—" as good as gold and silver," it referred to money in hand. Such language might well be held equivalent to a warranty of payment, as it was by that court.

The conclusion already reached amply sustains the judg-

ment of the court below. It is therefore unnecessary to consider the other question relative to the consideration, but as our silence might imply that we consider the question doubtful, we will say that it is essential to a valid contract of guaranty that there be a sufficient legal consideration, and as in this case there is no consideration set forth and none appears on the face of the guaranty, and there is no averment that it was executed contemporaneously with the note, or that the latter was accepted on the faith of it, and as no other fact appears from which a consideration may be legally presumed, we think the demurrer upon this ground also was well taken.

There was no error in the judgment complained of.

In this opinion the other judges concurred.