CHARLOTTE S. LEMMON AND ANOTHER, EXECUTORS, *vs.* WILLIS A. STRONG AND ANOTHER.

Hartford District, Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A note on demand was guaranteed by an indorsement upon it as follows : "I hereby warrant the within note good and collectible until paid." Held—
1. That the guarantee was conditional and not absolute, requiring due diligence for the collection of the note.
2. But that the guaranty held good so long as the note was unpaid, and that a suit brought against the maker seven years after the making of the guaranty was seasonably brought.
The decisive test of the collectibility of such a note is a suit seasonably brought upon it and diligently pursued, but a suit may be dispensed with where it would be fruitless, or it may be waived by the guarantor.
The complaint alleged that, in order to induce the payee of the note to accept it and loan the money, the defendant warranted its payment in the manner stated, and that the money was loaned and the note accepted in sole reliance upon the warranty. Held to be a sufficient averment of a consideration for the guaranty.
Section two of chapter first of the Rules under the Practice Act provides that

"persons severally and immediately liable on the same obligation or instrument, including parties to bills of exchange and promissory notes, and indorsers, guarantors and sureties, whether on the same or by a separate instrument, may all or any of them be joined as defendants, and a joint judgment may be rendered against those so joined." It seems that this rule would not authorize the joining as defendants of the maker of a note which had been merged in a judgment and a guarantor of the note.

[Argued November 8th. 1887—decided January 13th, 1888.]

ACTION upon a guaranty of a note and upon a judgment rendered upon the note against the maker ; brought to the Court of Common Pleas of Litchfield County and heard before *Warner, J.* Judgment rendered for the defendants and appeal by the plaintiffs. The case is fully stated in the opinion.

*W. Cothren,* for the appellants, cited *Fitch* v. *Gates,* 39 Conn., 366; *Allen* v. *Rundle,* 50 id., 933; *City Savings Bank* v. *Hopson,* 53 id., 453 ; *Ætna Bank* v. *Hollister,* 55 id., 188 ; *Cowles* v. *Peck,* id., 251.

*A. D. Warner,* with whom was *J. Huntington,* for the appellees, cited 1 Swift Rev. Dig., 602; Edwards on Bills, 235; 2 Daniel on Neg. Instruments, § 1769 and notes ; *Allen* v. *Rundle,* 45 Conn., 528, 536; *S. C.,* 50 id., 9, 24, 26; *Cowles* v. *Peck,* 55 id., 251.

LOOMIS, J. The defendant Karrman, on the 26th day of April, 1877, executed a promissory note for the sum of four hundred dollars, payable to one B. A. Sherman, on demand with interest annually, and in order to induce the payee to accept the note and loan the maker the sum mentioned, the defendant Strong on the same day warranted the note in these words: "I hereby warrant the within note good and collectible until paid;" signed, "W. A. Strong." The payee, relying solely upon the warranty, accepted the note and loaned the amount to the maker.

In January, 1884, payment was demanded of the maker,

Lemmon v. Strong.

who refused to pay, and in February following Sherman commenced suit against him on the note, and pending the suit assigned the note to D. S. Lemmon, the plaintiffs' intestate, and Lemmon was by the court substituted as plaintiff in the same suit. On the 5th of March, 1884, in the Court of Common Pleas in Litchfield County, judgment was rendered in favor of Lemmon and against Karrman for the sum of $420.60 debt and $25.15 costs of suit. Execution issued the same day and was placed in the hands of a deputy sheriff of the county for service, who on the 6th of March, 1884, made demand of Karrman, who paid a small sum on the execution, leaving it unsatisfied for $420.60. The officer continued a diligent search, throughout his precinct, for attachable goods and property of Karrman until the 29th day of April, 1884, but could find none, and on that day returned the execution unsatisfied for the amount named, which has never been paid, but is still due to the plaintiffs as administrators of Lemmon, now deceased. Before bringing this suit the plaintiffs notified the defendant Strong that the balance of the note and judgment was due and unpaid.

Each of the defendants demurred to the complaint. The guarantor, Strong, demurred upon the ground that the complaint did not show that the plaintiffs used due diligence to collect the note of the maker, nor that the defendant ever waived such diligence, and also because it did not show a legal consideration for the guaranty. The defendant Karrman demurred on the ground that the complaint did not allege any cause of action against him; and, by way of further defence, made answer that judgment had been duly obtained against him as set forth in the complaint. To this answer the plaintiff demurred, on the ground that it did not aver payment of the judgment in whole or in part nor a discharge of Karrman's liability in any manner. The court below sustained the demurrers of both defendants and overruled that of the plaintiffs.

Our discussion of the case will be confined to the points raised in the reasons for demurrer; and we will first consider the demurrer of the guarantor, Strong.

As to the want of consideration, the precise objection is that the complaint " does not aver what the consideration was." The record itself makes a sufficient answer to this claim, for it sets forth a perfect consideration, namely, that in order to induce Sherman to accept the note and loan Karrman the money, the defendant Strong warranted its payment as set forth, and that the money was loaned and the note accepted in sole reliance upon the warranty.

The only debatable question is, whether the holder of the note exercised due diligence as to its collection of the maker. At the outset we must concede that the guaranty was conditional and not absolute. The recent cases of *Allen* v. *Rundle*, 50 Conn., 9, and *Cowles* v. *Peck*, 55 Conn., 251, establish this point beyond all controversy.

Was the condition then in this case sufficiently complied with? In a guaranty of the goodness or collectibility of a note the supreme and perfect test is the result of legal proceedings seasonably and properly instituted and diligently pursued. If such result is failure to collect, then it is demonstration that the note was not good or collectible and there is a breach of the guaranty. In many jurisdictions, as was shown in *Allen* v. *Rundle*, *supra*, the institution of such a suit is indispensable in all cases where the guaranty is in the form referred to. In other jurisdictions, including our own, a suit may be dispensed with where its result would be fruitless, or it may be waived by the guarantor.

In the case at bar suit against the maker was brought and diligently prosecuted to final judgment, and execution was promptly issued and served, and demand and diligent search were made by a proper officer for goods or estate on which to levy, but none could be found, and after applying the small sums of money paid by Karrman, the execution was returned unsatisfied for the amount stated. This, in the absence of other facts to impeach it, is sufficient to show that at that time the note was not good and collectible. But here comes in the claim that the suit was not commenced at the proper time. The guaranteed note was dated April 26th, 1877, and was on demand, while the suit was not com-

menced till February 9th, 1884. It must of course be conceded that the failure of a suit to result in the collection of the note does not establish its non-collectibility unless the suit was instituted at the proper time, but the question of time is to be determined in each case by the terms and true construction of the guaranty in suit. Were this simply a guaranty of the collectibility of the note, without other words to indicate its continuance, it would be construed to mean that the note should be collectible when due, and suit should be promptly brought at that time, if any suit were required.

In the argument for the defendant the prominent words of the guaranty, "till paid," seem to have been wholly ignored, but surely they had a clear purpose and meaning, which obviously was to mark the *duration of the collectibility of the note.* Had this been a warranty that the note was good and collectible until the 29th day of April, 1884, when the execution was returned, could there be any doubt that the warranty was broken? Would it not in terms cover the entire period of time, every day and year up to the time limited? It seems to us that the words now in question are just as certain in their import, only the duration of the guaranty is more extensive; it covers the whole period of the existence of the note as an outstanding obligation.

Guaranties containing the words in question have been under consideration by this court in three cases. In two of them, namely, *Allen* v. *Rundle* and *Cowles* v. *Peck, supra,* it was wholly unnecessary to give any construction to the words "till paid" as affecting the time when suit should be brought, because no suit at all had been brought. In *City Savings Bank* v. *Hopson,* 53 Conn., 453, the words of guaranty were: "For value received we guarantee the within note till paid." Now, although there was no particular discussion of the import of the last two words, yet it is manifest from the decision that upon the duration of the guaranty those words were given all the force we now claim, for, in the opinion of the court as given by PARDEE, J., on page 455, it is said: "This was an absolute and unqualified contract by each of the signers to pay the note if the maker did

not. Upon non-payment at maturity it became, and *has since continued to be*, their duty to go to the holder and pay it, and this without demand or notice." This case was cited by the plaintiff in *Cowles* v. *Peck, supra*, to support the claim that the guaranty in the last mentioned case ought to be regarded as an absolute one, but this court distinguished the case from the other, upon the ground mainly that the guaranty in the last case in terms applied to the goodness of the note, of which the accepted test was its capability of being collected of the maker, independently of any act of payment on his part, while in the other case, there being no words in the guaranty to apply it to the quality of the note as to collectibility, it was held to apply to actual payment on the part of the maker; but in both cases the guaranty was the same as to its continuance. We conclude therefore that the guaranty in the case at bar warranted the collectibility of the note at any time and at all times until actual payment, and that the failure of the suit brought to result in collection established *primâ facie* a breach of the contract, for which the defendant Strong is liable.

Should it be suggested that we have established a hard doctrine for guarantors, we reply that it is surely no harder than to construe a guaranty as absolute, as in *City Savings Bank* v. *Hopson, supra*, and in *Breed* v. *Hillhouse*, 7 Conn., 523, and many other cases. Regard must necessarily be had to the terms of the guaranty, which must control as in all other cases of contract obligation. In the case at bar we do not see how it is possible to construe the contract more favorably for the guarantor without practically expunging the two words he deliberately used.

The conclusion reached on this part of the case renders it unnecessary to consider the effect of the agreement of waiver, or the fact of the " utter insolvency " of the maker of the note as alleged in the complaint.

The remaining question relates to the demurrer and answer of the defendant Karrman.

His demurrer to the complaint is, that it sets forth no cause of action against him. There are many allegations that have no relevancy to any claim against him, yet the

judgment against him having been particularly set forth, and the amount due thereon having been alleged, and that it is still due and unpaid, there is enough under the Practice Act to authorize a judgment against him, were there no other objection. A better ground of demurrer would have been the misjoinder of different causes of action against different defendants.

It is not improbable that the plaintiffs' counsel was misled by the language of section two, page 11, of the Rules under the Practice Act, which is as follows: "Persons severally and immediately liable on the same obligation or instrument, including parties to bills of exchange and promissory notes, and indorsers, guarantors and sureties, whether on the same or by a separate instrument, may all or any of them be joined as defendants, and a joint judgment may be rendered against those so joined. But where a cause of action against one person is not complete until after suit against another, such persons cannot be joined as defendants."

This would probably have justified the joinder had not Karrman's obligation on the note been lost by merger in a valid judgment, while Strong, the guarantor, is only liable on his contract of guaranty. The pleadings however do not require a decision of this point. The answer of Karrman, setting up the same judgment described in the complaint as an outstanding and valid obligation, was of course no defense but rather a confession. Taking the demurrers as they are given, there was error in overruling that of the plaintiffs and sustaining that of Karrman.

The case against Karrman is obviously of no importance to the plaintiffs, who have already one valid judgment, and in view of the suggestions we have made as to a possible misjoinder, will probably be discontinued when the case goes back to the court below.

There was error in the judgments complained of and a new trial is granted.

In this opinion the other judges concurred.