Gardiner *v.* Nutting & al.

GARDINER *vs.* NUTTING & AL.

An acknowledgment of the debt, or a new promise, by the maker of a promissory note, takes it out of the statute of limitations only so far as he is concerned ; but does not affect the rights or obligations of collateral parties.

Where the maker of a promissory note, of more than six years standing, died insolvent, and a collateral guarantor of the note was appointed a commissioner on his estate ; the allowance of the note by the commissioner, as a valid claim against the estate, being an official act, was held not to amount to a new promise on his part to pay the debt.

If a case is referred to the decision of the court, upon a statement of facts agreed, without special limitation, the course is to enter judgment for the defendant, if the facts would verify any plea which would support the action.

IN this action, which was *assumpsit* against the defendants as collateral guarantors of a promissory note, and came before the court upon a case agreed by the parties, all the facts are clearly stated in the following opinion of the court.

*Allen,* for the plaintiff, to the point that the remedy was not lost by any laches of the plaintiff, cited *Hunt v. Bridgham* 2. *Pick.* 581. *Pain v. Packard* 13. *Johns.* 174. And to shew that the allowance of the note by one of the defendants, as a commissioner on the estate of the insolvent maker, took it out of the operation of the statute of limitations, he cited *Jackson v. Fairbanks* 2. *H. Bl.* 340. *Chandler v. Winship* 6. *Mass.* 310. 3. *Stark. Ev.* 1389. But he denied that this point was open to the defendants, as it was not expressly reserved in the statement of facts.

*Evans,* for the defendants, to shew that the plaintiff had lost his remedy by neglecting to enforce payment against the principal debtors, cited *Chitty on bills* 264. *Warrington v. Furber* 8. *East.* 242. *Phillips v. Astling* 2. *Taunt.* 206. 3. *Wheat.* 154. *Cobb & al.*

Gardiner *v.* Nutting & al.

*v. Little* 2. *Greenl.* 261. To the point that the action was barred by the statute of limitations, and that the admissions of the principal debtor did not bind collateral stipulators, he referred to 2. *Stark. Ev.* 893. 896. 897. *White v. Hale* 2. *Pick.* 291. *Bangs v. Hall ib.* 368. *Danforth v. Culver* 11. *Johns.* 146. *Lawrence v. Hopkins* 13. *Johns.* 288. *Clementson v. Williams* 8. *Cranch* 74. *Rowcroft v. Lomas* 4. *M. & S.* 458. *Hillings v. Shaw* 7. *Tcount.* 608. *Perley v. Little* 3. *Greenl.* 96. *Pittam v. Foster* 2. *Dowl. & Ryl.* 363. 1. *Barn. & Cresw.* 248.

Weston J. delivered the opinion of the Court, at the ensuing *June* term, in *Penobscot.*

This is an action of *assumpsit* against the defendants, as guarantors of a note of hand. Under leave to plead double, they pleaded first, the general issue,—secondly, the statute of limitations ; subsequently to which the parties have submitted the cause to the determination of the court, upon an agreed statement of facts. From this it appears that on the ninth of *July* 1819, the firm of *George* and *Ira Getchell* gave their negotiable note to the defendants, for seventy-five dollars, payable in five months. On the twenty-ninth of *September* 1819, the defendants transferred said note to the plaintiff, and subscribed the following words written thereon, " we hereby guarantee the payment of the within." The *Getchells*, the makers, were copartners. In the summer of 1822, *Ira* deceased. His estate was represented insolvent ; and the defendant, *Nutting*, appointed one of the commissioners, to receive and examine the claims of creditors. The note in question was laid before them by the plaintiff ; allowed, and a dividend received by him of thirty-nine dollars and fifty cents. At the time of presenting the note for allowance, the defendant, *Nutting*, expressed to the plaintiff's agent his surprise that it had not been collected, and inquired from whom he expected to collect the balance, which *Ira's* estate might not pay ; and was told in reply, that the plaintiff would look to the defendants ; whereupon *Nutting* denied their liability. *Ira Getchell* was solvent for more than two years after the note became due ; and *George,*

after that period, was employed by the plaintiff upon several impor-
tant contracts, and received from him, from time to time, considerable
sums of money.   The plaintiff never applied to the *Getchells* for the
payment of this note, or made any demand upon the defendants
therefor, until since the commencement of the last year.

The counsel for the defendants rests their defence upon two
grounds; first, that the plaintiff, by his negligence and remissness,
has lost his remedy against them as guarantors,—secondly, that he is
barred by the statute of limitations.   The counsel for the plaintiff
contends that the latter point is not open to the defendants; in-
asmuch that it was not expressly reserved to them, in the case
presented to the court.   To this it may be replied that, being plead-
ed and the facts agreed, it may be considered as one of the questions
directly submitted, whether the defence is sustained upon this ground.
But independent of the plea; in an agreed state of facts, the princi-
ple is, if there be no special limitation in the statement, that the de-
fendant is to have judgment, if the facts would verify any plea, which
would be a bar to the action.

The note became due, and the action accrued against the defen-
dants, on the ninth of *December* 1819.   The present action was com-
menced in *March*, 1826; more than six years thereafterwards.
The action was then barred; unless it appear to have been taken
out of the statute by a new promise.   And it is insisted that the
claim made before the commissioners and its allowance, is tanta-
mount to a new promise, both on the part of the makers, and of the
defendants.   Several authorities have been cited to show that it has
this effect as it respects the makers; and it is contended that an ad-
mission and promise, by one of several persons jointly and severally
liable, defeats the operation of the statute as it respects the whole.
But in this case, the makers and the defendants were never jointly
liable to the plaintiff.   The undertaking of the defendants was inde-
pendent of, and collateral to, that of the makers.   Neither of these
collateral parties has a right to affect or vary the liability of the other.
Each may rest upon any legal ground of defence, which no admis-
sion of the other can defeat.   There can be no question that a party,
attempted to be charged as the indorser of a negotiable note, may be

Hallowell *v.* Saco.

protected by the statute of limitations, notwithstanding the maker may have made a direct and positive promise to pay the same, within six years.

But it is further contended, that the allowance of this note by *Nutting* one of the defendants, as commissioner, ought by law to have the effect of a new promise on his part. There is certainly little foundation for this position ; as the case finds that he made protestation at the time, that he was not liable. But independent of that, the allowance was a mere act of official duty, which he had undertaken to perform. The note, being perfect evidence of a debt against the estate of the deceased, he could not do other than allow it. The statute of limitations had not then attached, as it since has, by lapse of time ; and we perceive nothing in the case, which can legally deprive the defendants of their right to insist upon it as a bar to the plaintiff's action. Being satisfied that the defence is supported upon this ground, it becomes unnecessary to consider the other point raised in this case by the counsel for the defendants.

According to the agreement of the parties, the plaintiff is to become nonsuit, and the defendants to be allowed their costs.