FRANK B. CARPENTER *vs.* ELIZABETH THOMPSON.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An action against the guarantor of a non-negotiable note, indorsed and
delivered to the plaintiff prior to 1884, is not an action upon the note,
which can be brought at any time within seventeen years from the
time it matures, but is an action upon the special contract of guaranty
implied by law, and is governed by § 1371 of the General Statutes,
which limits the right of action to six years.

[Argued April 25th—decided July 19th, 1895.]

ACTION to recover the amount of a promissory note in-
dorsed or guaranteed by the defendant to the plaintiff;
brought to the Superior Court in Fairfield County and tried
to the court, *Shumway, J.,* upon plaintiff's demurrer to the
defendant's answer of the statute of limitations; the court
overruled the demurrer, sustained the answer, and the plain-
tiff appealed for alleged errors in the rulings of the court.
*No error.*

The allegations of the complaint were substantially as fol-
lows :—

That on the 30th of July, 1877, the defendant indorsed
and delivered to the plaintiff a note made by J. Steel Mackay,
dated July 30th, 1877, for $10,000, payable to the defend-
ant, her heirs or assigns, six years after date; that the plain-
tiff paid the defendant therefor, by selling and delivering to
her a valuable painting known as the "Proclamation of
Emancipation"; that on the 30th of July, 1883, said note
was presented to said J. Steel Mackay for payment, and pay-
ment was refused; that when said note became due said
Mackay was insolvent and without property liable to be
attached or taken on execution, and so continued until his
death about January 1st, 1894; that on the 4th of May, 1894,
the defendant was notified of said facts, and payment of said
note demanded of her, which was refused.

The following is a copy of the note and indorsement:—
"$10,000.   Stamford, July 30th, 1877.   Six years after date
I promise to pay to Elizabeth Thompson, heirs or assigns,
ten thousand dollars, without interest, value received."

"J. STEEL MACKAY."

(Indorsement.)
"Pay to the order of F. B. Carpenter.

"ELIZABETH THOMPSON."

The defendant's second defense is as follows:—

"The right of action for the cause stated in said complaint
did not accrue within six years next before the commence-
ment of this action."

To this defense the plaintiff demurred upon the grounds:
(1) That it alleged that the right of action for the cause
stated in the complaint, did not accrue within six years next
before the commencement of this action.   (2) That the right
of action, as stated in the complaint, accrued on the 31st day
of July, 1883, and said right does not terminate until seven-
teen years after it accrued.   (3) Said action was brought
within seventeen years next after the right of action accrued.

From the judgment of the Superior Court overruling this
demurrer, the plaintiff appealed to this court.

*Julius B. Curtis* and *Louis J. Curtis*, for the appellant
(plaintiff).

I. The note in suit is non-negotiable on its face.  *Backus*
v. *Danforth*, 10 Conn., 302; *Pulsifer* v. *Hotchkiss*, 12 id.,
235; *Currier* v. *Lockwood*, 40 id., 325; *Lyon* v. *Summers*,
7 id., 406; *Edgerton* v. *Edgerton*, 8 id., 9; *Curtis* v. *Hazen*,
56 id., 149.   In view of the fact that all notes were special-
ties, until the statute changed the law on that subject, the
statute should not be extended by construction, and there-
fore it is necessary, in order to make a note negotiable, that
it should be made payable to a person or his order, or to
bearer.   The word "assigns" does not imply negotiability
under the law of Connecticut.   Swift's Digest, 433, 434;
*Colburn* v. *Rossiter*, 2 Conn., 505; Statutes, Ed. 1835, p. 61;
General Statutes, 1888, § 981; *Aniba* v. *Yeomans*, 39 Mich.,
171; 1 Daniel on Negotiable Instruments, § 688c.

II. This note being non negotiable and not susceptible of being made negotiable by indorsement, the writing on the back, in view of the sale of the note to Mr. Carpenter for valuable consideration, is to be construed to have the legal effect of a guaranty or warranty of the note. *Perkins* v. *Catlin*, 11 Conn., 212, 219; *Prentice* v. *Danielson*, 5 id., 175. It also implies a power of attorney to collect the same. *Huntington* v. *Harvey*, 4 Conn., 128, 129; *Bradley* v. *Phelps*, 2 Root, 325; Swift on Evidence, 347. The words "pay to the order of" do not change the character of a blank indorsement of a non-negotiable note. One of the implications of such indorsement is that the contents of the note shall be paid to the warrantee or indorsee. *Bradley* v. *Phelps*, 2 Root, 325; *Perkins* v. *Catlin*, 11 Conn., 219. The question presented by the defendant—that admitting this contract of indorsement to be a guaranty, nevertheless such contract is a separate and independent contract—is not borne out; not only for the reasons already stated, but because such a guaranty is in Connecticut equivalent to an absolute guaranty after it has become established.

The contract of guaranty is at first conditional upon due diligence exercised by the guarantee, but if due diligence is exercised so as to establish the guaranty, such guaranty ceases to be conditional and becomes absolute; or in case of the insolvency of the maker of the note, making it unnecessary to use due diligence, the guaranty becomes absolute. *Lemmon* v. *Strong*, 55 Conn., 446.

*Nichols C. Downs* and *John E. Keeler*, for the appellee (defendant).

I. The note in question is negotiable, and suit against the indorser should have been brought within six years from its maturity. Story on Promissory Notes, § 44; *Backus* v. *Danforth*, 10 Conn., 297; 2 Amer. & Eng. Ency. of Law, 338; 3 Kent's Comm., 77, 2d Ed.; *Mich. Bank* v. *Eldred*, 9 Wall., 544, 547; 1 Daniel on Neg. Inst., §§ 104–106; *Bank of Sherman* v. *Apperson*, 4 Fed. Rep., 25; Edwards on Bills & Notes, etc., 193, 194; Chitty on Bills (12 Amer. Ed.), 225; Swift

on Evidence, 253 ; 1 Randolph on Com. Paper, § 174 ; *Raymond* v. *Middletown*, 29 Pa. St., 529 ; Tiedeman on Com. Paper, § 21 ; *Porter* v. *Janesville*, 3 Fed. Rep., 619 ; *Mechanics Bank* v. *Stratton*, 3 Ab. App., 370 ; *Richards* v. *Waring*, 39 Barb., 45 ; *Gibson & Johnson* v. *Minet*, 1 H. Black., 599 ; *Beckwith* v. *Angel*, 6 Conn., 317 ; *Sands* v. *Woods*, 1 Iowa, 263 ; *Sears* v. *Lentz*, 47 id., 658 ; *U. S.* v. *White*, 2 Hill, 59 ; 1 Amer. Lead. Cases, (5th Ed.) 399 ; *Putnam* v. *Crymes*, 1 McMull, 9.

The claim that this note is not negotiable because it is uncertain as to payee and the time of payment, is not supported by the authorities. *Knight* v. *Jones*, 21 Mich., 161 ; *Bristol* v. *Warner*, 19 Conn., 7 ; *Lockwood* v. *Jessup*, 9 id., 272 ; *Bacon* v. *Fitch*, 1 Root, 181.

II. But even if the note had not been negotiable upon its face, nevertheless, the indorsement thereon being in a negotiable form the instrument, as between the plaintiff and defendant, thereby became negotiable and subject to the statutory limitation pleaded in the defendant's answer. *Carruth* v. *Walker*, 8 Wis., 104 ; *Brenzer* v. *Wightman*, 7 W. & Ser., 266 ; 2 Amer. & Eng. Ency. of Law, 338, 339 ; 1 Daniel on Neg. Inst., § 664 ; Story on Prom. Notes, §§ 128, 129 ; Chitty on Bills, 219.

III. But there is a third ground upon which the defendant's plea of the statute of limitations must be sustained. The suit is based upon an implied warranty, arising from the defendant's indorsement, which contract all the authorities hold is a separate and independent contract. *Munson* v. *Drakeley*, 40 Conn., 560 ; 1 Daniel on Neg. Inst., § 669, 678*a* ; *Slacum* v. *Pomery*, 6 Cranch, 221 ; *Leedy* v. *Tammany*, 9 Watts, 352 ; *Greathead* v. *Walton*, 40 Conn., 226–236. This separate and independent contract of warranty clearly belongs to the class named in § 1371 of the General Statutes, and is subject to the limitation of six years. *Whistler* v. *Bragg*, 31 Mo., 124 ; *Elkinton* v. *Ferrier*, 13 Pa. St., 173.

HALL, J. Among the reasons of appeal, it is alleged that the Superior Court erred in deciding that the note in question was not a non-negotiable note under the laws of this

State; in holding that the indorsement was not a guaranty, but an indorsement of negotiable paper; that the contract of indorsement was a separate and independent contract; and in deciding "that said note and indorsement and the contract thereof were within the statute of limitations, and that no action could be brought thereon but within six years next after the right of action had accrued."

The principal part of the briefs of counsel is devoted to a discussion of the questions whether the presence of the words "heirs or assigns" in the note render it negotiable; and if they do not, whether the note has not become negotiable as between the plaintiff and defendant, by reason of the defendant's indorsement, "pay to the order of F. B. Carpenter."

The sole question decided by the court in finding the issue in favor of the defendant, was that the answer alleging "that the right of action for the cause stated in the complaint did not accrue within six years next before the commencement of this action," was a sufficient defense to the allegations of the complaint. The question of the character of the note as to negotiability is not necessarily involved in the issue raised by the pleadings, nor does it appear from the record that it was either decided or discussed in the court below.

By the allegations of the answer it is claimed that the right of action described in the complaint, against this defendant, is barred by the statute of limitations, § 1371 of the General Statutes, which provides that "no action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract, or upon any contract in writing not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action shall accrue." By the demurrer the plaintiff claims that the right of action described in the complaint, comes within the language of § 1370 of the General Statutes, permitting an action to be brought "on any contract under seal, or promissory note not negotiable," within seventeen years next after an action upon the same accrues.

The first question which suggests itself is, what is the

cause of action described in the complaint? If this action is not brought upon the note set forth in the pleadings, but upon an undertaking which is in no legal sense a promissory note, nor a contract under seal, the inquiry whether the note in question is negotiable or non-negotiable becomes an immaterial one.

Assuming then, for the purposes of this case, that this note, as claimed by the plaintiff, was non-negotiable when made, and that its character in that respect has not been changed by the defendant's indorsement, we then have before us these facts: On the 30th of July, 1877, J. Steel Mackay gave to the defendant his note for $10,000 payable to the defendant; on the same day the defendant, for good consideration, indorsed and delivered it to the plaintiff, who having, in 1883 when the note fell due, made demand of the maker, then and since insolvent, in 1894 notified the defendant, demanded payment of her, and commenced the present suit against her. Is this an action against this defendant upon a promissory note, within the meaning of the statute limiting the time within which an action must be brought upon a promissory note not negotiable?

It has been settled by repeated adjudications in this State, that the undertaking of the indorser in blank of a non-negotiable note, or of a negotiable note by one not a party to the note, was, prior to the Act of 1884 changing the legal import of such indorsement, that of a conditional guaranty; and that such an indorser is not liable as a maker or joint promisor. *Perkins* v. *Catlin*, 11 Conn., 212; *Castle* v. *Candee*, 16 id., 223; *Rhodes* v. *Seymour*, 36 id., 2; *Allen* v. *Rundle*, 45 id., 528, 535.

That such is the law of this State does not seem to be questioned by the plaintiff. He makes no claim that the defendant is a joint maker of the note, but admits in his argument and by his pleadings that the legal import of the indorsement and delivery of the note is: first, an assignment of the equitable title to the plaintiff, and second, an undertaking by the indorser that the note is due and payable according to its tenor, that the maker shall be of ability to

pay it at its maturity, and that it shall be collectible by due diligence.

The cause of action against this defendant cannot, then, be said to arise from any promise contained in the note. That promise was made by Mackay, and by him only, and was a direct promise to personally pay to the payee the amount of the note. The present action is not based upon the note, nor is it against the maker of the note, but upon the special contract of guaranty made by a person other than the maker.

A guaranty, whether absolute or conditional, is a collateral and not an original undertaking. It is never a direct promise by the guarantor to pay his own debt, but an undertaking that another person shall perform his contract. The fact that the conditional liability of the guarantor becomes absolute by the failure of the principal to perform his contract, and the inability of the plaintiff to collect the note by the use of due diligence, does not affect the nature of the guarantor's promise, as seems to be claimed. He can only be held liable on the promise made by him; and proof of his collateral undertaking as guarantor will not support an action charging the defendant with liability as an original debtor or promisor. *Rhodes* v. *Seymour*, *Allen* v. *Rundle*, *supra*.

It is true that the note and guaranty are not contracts so separate and independent that each is always complete without the other. The note in the present case is a complete contract without the guaranty, but in interpreting the guaranty the note must be read as a part of the contract. They are, however, distinct and essentially different contracts; they are between different parties, they may be executed at different times and by separate instruments, and the nature of the promises and the liability of the promisors differ substantially in the two cases. " A stipulation that another shall pay, or that if he does not, the promisor will, differs essentially from a promise to pay directly." Note to *Wain* v. *Walters*, 2 Smith's L. C., Part I., p. 260.

In *Gould* v. *Moring*, 28 Barb., 444, 446, the court says: " In *Brewster* v. *Silence* (4 Seld. 207) the note and guaranty

were given at the same time, on the same piece of paper.
* * * The Court of Appeals say 'the note and guaranty are
not one and the same thing. The note is the debt of the
maker—the guaranty is the engagement of the defendant,
that the maker shall pay the note when it becomes due.
* * * They are not the same but different and distinct con-
tracts.' " " The contract of the guarantor is his own separate
undertaking in which the principal does not join." 9 Amer.
& Eng. Ency. of Law (Guaranty), 68.

In the case of *Gardiner* v. *Nutting et al.*, 5 Me., 140, the
defendants were payees and guarantors of a note transferred
by them to the plaintiff. One of the answers was the stat-
ute of limitations. The action was barred unless taken out
of the statute by a new promise of the makers. The court,
in giving the opinion, say: "But in this case, the makers
and the defendants were never jointly liable to the plaintiff.
The undertaking of the defendants was independent of, and
collateral to, that of the makers. Neither of these collateral
parties has a right to affect or vary the liability of the other.
Each must rest upon any legal ground of defense, which no
admission of the other can defeat."

In the case of *Bissell* v. *Gowdy*, 31 Conn., 47, 50, this
court uses the following language: "If the cases read to us
can be reconciled, it would seem to be upon the ground that
the special guaranty that the note was good and would be
collectible till a particular future day, was not negotiable,
since it does not come within the definition or description of
a note payable to any person, or to his order, or to bearer,
and is not of course a bill of exchange in any sense."

In *Greathead* v. *Walton*, 40 Conn., 226, 236, the plaintiff
was the payee, and the defendant a guarantor of a note. In
discussing the nature of the contract between them, JUDGE
FOSTER, in giving the opinion of the court, says: " But the
contract between the plaintiff and defendant is another and
different contract from that between the maker and payee
of this note." See also the case of *Monson* v. *Drakeley*, 40
Conn., 552, 559.

We think the case of *Lemmon* v. *Strong*, 55 Conn., 443,

444, cited by the plaintiff, fails to sustain the plaintiff's claim; and that it clearly appears from an examination of that case, that the statute of limitations was not pleaded by the defendant; and further, that the right of action against the defendant guarantor accrued within six years prior to the date of the commencement of the action.

We are of opinion that the present suit is not an action upon a promissory note, but it is an action upon the special contract of guaranty, and that the right of action upon such guaranty, having accrued more than six years before the action was commenced, is barred by the statute of limitations, § 1371 of the General Statutes.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.