IDELL HAMPTON *vs.* FRANK MILLER.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The common-law rule is that a negotiable note payable on demand must be presented for payment within a reasonable time after its issue, or the indorser will be discharged; and this is the rule prescribed in the Negotiable Instruments Act of 1897 (General Statutes, § 4241).

Under § 1859 of the General Statutes of 1888, since repealed, a negotiable note payable on demand, which remained unpaid four months after its date, was considered overdue and dishonored after that time. In an action against the indorser of such a note, it was *held* :—

1. That while his waiver of presentment and notice of nonpayment at the end of the four months would, as between the holder and in-

Hampton v. Miller.

dorser, prevent the note from being considered as dishonored at that time, it would not relieve the holder from his obligation to demand payment of the maker within a reasonable time thereafter, nor from giving notice of nonpayment to the indorser when an unavailing demand had in fact been made.

2. That until a demand for payment had been made upon the maker, no right of action existed in favor of the holder against the indorser.

3. That whether a demand for payment, made more than six years after the date of the note, was within a reasonable time, was a question of fact for the jury under all the circumstances of the case.

Argued June 6th—decided October 6th, 1905.

ACTION against an indorser to recover the amount of a promissory note, brought to the Superior Court in Fairfield County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial granted.*

*Goodwin Stoddard* and *Daniel Davenport,* for the appellant (defendant).

*Robert E. DeForest,* for the appellee (plaintiff).

HALL, J. The following note, held by the plaintiff, was indorsed by the defendant at the request of the maker :—

" $4,000.00/100        Bridgeport, Ct., May 31st, 1892.
" On demand after date I promise to pay to the order of Idell Hampton, Four Thousand 00/100 Dollars at James Feeley's office, 404 Main St., Bridgeport, Ct. Value Received. Rate of interest 5 %, payable semi-annually.
                                    " James Feeley.
(Indorsed) " Frank Miller."

The maker of the note had for some years carried on in Bridgeport the business of men's furnishing goods in one half of a store, in the other half of which one Connors carried on the stationery business and selling of steamship tickets. Shortly before the date of the note Feeley applied to the de-

fendant, who is a well-known business ·man of Bridgeport, for a loan of $4,000, informing him that he desired the money to purchase the business of Connors. The defendant informed Feeley that he had no money to lend, but that he would indorse a note for him. ⋅ Feeley, who knew that the plaintiff had that amount on deposit in a bank, applied to her for the loan, offering as security therefor his note indorsed by the defendant, and the plaintiff, without knowing the purpose for which Feeley wanted the money, loaned said sum to him upon his note so indorsed, relying upon the indorsement of the defendant, whom she knew by reputation to be a person of large means, but with whom she had had no communication concerning this transaction.

Feeley used the $4,000 so borrowed in purchasing the business of Connors, which he thereafter carried on in connection with his former business, his stock of goods in the store being worth $7,000.

In addition to the stock of goods in his business, Feeley's property at that time consisted of real estate standing in his name and that of his wife jointly, valued at $15,000, upon which there was a mortgage of $8,000.

In so loaning the money to Feeley, the plaintiff supposed that it would remain invested in that way, except as she might want it from time to time, interest thereon being paid semi-annually, but that she might at any time require payment of the whole or any part of the loan.

. On December 18th, 1893, June 30th, 1894, February, 1895, and January 6th, 1896, Feeley made payments to the plaintiff at her request upon the principal of the note, which were indorsed upon the note as they were made, amounting in all to $600. The interest upon the note was paid to May 31st, 1898.

Feeley became insolvent June 22d, 1898, and on the 13th of July, 1898, the plaintiff caused demand to be made upon him for the balance due upon the note, and on the same day caused notice to be given to the defendant of the nonpayment. No notice was given to the defendant of any previous demand, or payment.

The complaint, dated November 17th, 1898, alleges that the defendant waived demand upon the maker of payment of the note, and notice to the defendant of nonpayment, at the expiration of four months from the date of the note, and waived any demand of payment upon the maker, and of any and all notice of any dishonor of the note. This allegation was denied in the answer. A second defense alleged that the right of action did not accrue within six years next before the commencement of the action.

The defendant requested the court to charge the jury that by force of the provision of § 1859 of the Revision of 1888 —that any negotiable promissory note, payable on demand, which remains unpaid four months from its date, shall be considered overdue and dishonored after that time—the note in question became overdue and dishonored on or before October 2d, 1892, and that the demand upon the maker, and the notice to the defendant of nonpayment, on July 13th, 1898, were not within a reasonable time.

Under the law as declared by this court in *Hayes* v. *Werner*, 45 Conn. 246, 252, and *Beardsley* v. *Hawes*, 71 id. 39, 41, the trial judge charged the jury correctly upon the question of whether there was a waiver by the defendant of presentment and demand of payment from the maker of the note at the expiration of four months, and upon the evidence before us the jury were justified in finding that there was such a waiver.

But the fact that the defendant by indorsing a note payment of which, from its tenor and from other facts, he understood was not intended to be required at the expiration of four months from its date, waived a demand of payment at that time, did not constitute a waiver of notice of nonpayment after demand actually made, nor of the making of a demand at some time after four months ; nor did it give to the plaintiff a right of action against the defendant at the end of four months, or at any other time without demand having been made and notice given.

Under § 1859, due diligence upon the part of the plaintiff required her to demand payment of Feeley at the end of

four months, if there had been no previous demand, and upon nonpayment to give the defendant notice. *Rhodes* v. *Seymour*, 36 Conn. 1, 7 ; *Hayes* v. *Werner*, 45 id. 246. The waiver of the defendant, by indorsing the note under the circumstances, was in effect no more than an agreement by him that in the exercise of due diligence the plaintiff need not demand payment within the time fixed by statute. *Hayes* v. *Werner*, *supra*. It was a relinquishment by the defendant of the right, given by statute for his protection, to insist upon a demand of payment being made upon the maker within the time fixed by statute, as a condition precedent to his liability as indorser. The effect of the statute was not to change a demand note to one payable four months from date, nor did the waiver by the defendant deprive the plaintiff of her right to demand payment at any time. Whether a demand at the expiration of four months was waived or not by the indorser, the holder might demand payment either at or before that time ; *Seymour* v. *Continental Life Ins. Co.*, 44 Conn. 300, 307 ; *Trustees of Alms-House Farm* v. *Smith*, 52 id. 434 ; *Curtis* v. *Smith*, 75 id. 429 ; and if payment was refused upon a demand made, it became her duty to at once notify the indorser in order to subject him.

The effect of the waiver was that as between the holder and indorser the note would not, by reason of the statutory provision, be considered dishonored, if it remained unpaid for four months. It did not follow from such waiver that no demand of payment need thereafter be made in order to subject the indorser, nor that the time when such demand should be made could be controlled by the convenience or wishes of the holder and maker. By such waiver, and in the absence of any different understanding with the indorser, the parties placed themselves under the common-law rule as to the time of presentment for payment, and what is now the rule under the Negotiable Instruments Act. General Statutes, § 4241. That rule is that when the negotiable instrument is payable on demand, demand of payment must be made upon the maker within a reasonable time or the indorser will stand discharged; *Lockwood* v. *Crawford*, 18

Conn. 361, 372; *Culver* v. *Parish*, 21 id. 408, 411; *Tomlinson Carriage Co.* v. *Kinsella*, 31 id. 268, 273; *Cooke* v. *Pomeroy*, 65 id. 466, 472; and that after demand, within such reasonable time, notice of the dishonor of the note must be given to the indorser. *Lockwood* v. *Crawford*, 18 Conn. 361.

What is a reasonable time within which a demand of payment must be made, in order to subject the indorser of such an instrument, is generally a question of fact to be determined by the peculiar circumstances of each case. *Lockwood* v. *Crawford, supra; Tomlinson Carriage Co.* v. *Kinsella, supra; Oley* v. *Miller*, 74 Conn. 304, 310. "A note presented in accordance with the request or assent of the indorser, is, as to him, presented in a reasonable time." *Oley* v. *Miller, supra*, 308.

The trial court erred in charging the jury that "if it was understood by the parties to the note that it was not to be paid at the end of four months from its date, and demand of payment at that time was waived by the defendant, then the defendant is liable in this action for the balance due on the note, with interest to this date, provided it appears that the maker of the note, having been called upon for payment at any time before this action was commenced, made default of payment;" and also in charging the jury in other language, in effect, that if it was understood by the defendant, when he indorsed the note, that it was not to be paid at the end of four months the plaintiff had a right of action against him upon the demand and notice of dishonor of July 13th, 1898. The court should have submitted the question to the jury as one of fact, whether from the understanding or intention of the indorser, as shown by all the circumstances, the demand of July 13th, 1898, was made within a reasonable time after the giving of the note.

The answer of the statute of limitations is inapplicable to the undisputed facts. It was, perhaps, pleaded upon the theory that the waiver of the defendant might be regarded as merely a waiver of the formality of a demand and notice at the end of four months, and that notwithstanding such waiver and that there was no demand and notice, the note

became overdue and dishonored at the end of four months, and that the plaintiff had a right of action against the defendant at that time. This, we have shown, was not the effect of the claimed waiver. There having been no demand and notice prior to July 13th, 1898, the plaintiff had no right of action against the defendant upon the indorsement before that time. Whether he then acquired a right of action against him depends, as we have said, upon whether the demand of that date was within a reasonable time after the giving of the note.

There is error and a new trial is granted.

In this opinion the other judges concurred.