[Civ. No. 3814.   Second Appellate District, Division One.—May 5, 1922.]

W. T. SORAN, Respondent, v. THE NICK HARRIS DETECTIVES, etc., Appellant.

[1] PERSONAL SERVICES — BALANCE DUE ON MUTUAL ACCOUNT—FINDINGS—EVIDENCE.—In this action to recover a balance due on a mutual account for personal services and expenses, the findings on the disputed items are sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Russ Avery, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

Howard F. Shepherd for Respondent.

CONREY, P. J.—The plaintiff brought this action to recover a balance claimed to be due to him on mutual account for salary, commissions, and expenses arising out of the employment of the plaintiff by the defendant, whose business was that of a detective. The plaintiff recovered judgment, and the defendant appeals therefrom. The sole ground of appeal is that the evidence is insufficient to sustain the findings in this, that certain items were improperly allowed to the plaintiff.

The amount of the judgment is $431.96. Appellant concedes that the items constituting this amount are sustained by the evidence to the extent of $173.66. This leaves a disputed balance of $258.30.

[1] The first disputed item is the sum of $125 paid by the plaintiff to one Fuentez out of a certain sum of $250 which plaintiff received from Mrs. D'Aleria in the course of certain business transacted by defendant for Mrs. D'Aleria. Plaintiff was in charge of the D'Aleria case at San Diego, and Fuentez was another employee of defendant who had been sent to San Diego to assist the plaintiff. Appellant, in his testimony, admitted that he told the

57 Cal. App.—39

plaintiff that if Fuentez got the $125, it should be charged to appellant. Respondent testified that he did pay that amount to Fuentez. The evidence is sufficient to sustain the allowance of this amount to the plaintiff in his account.

Next it is contended that, under the evidence, the plaintiff is not entitled to a credit of $125 for ''closing the D'Aleria case.'' The plaintiff testified to a long-standing arrangement under which, upon the making of a special charge for the closing of a case, and where there were two ''operators,'' the operators received fifty per cent of this closing charge. He therefore claimed twenty-five per cent of the closing charge of $500 which was made and paid in that case. The defendant testified that the reason, and the only reason, why the plaintiff was not entitled to this item, was that the plaintiff was in a drunken condition at the time when the case was closed. He stated that in this particular case, if the plaintiff had not been drunk, he would have been entitled to share in the fee. There is testimony by a witness who was present on the occasion in question, that the plaintiff was not intoxicated at that time. The evidence is sufficient to sustain the findings under which this item was allowed. There is a group of items stated in the testimony, and referred to in the brief for respondent, which satisfactorily covers at least eight dollars of the eight dollars and thirty cents of disputed items. We have not made an extended search for the other thirty cents.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1922.

All the Justices concurred, except Lawlor, J., Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.*, was acting.