BROADWAY BANK & TRUST COMPANY *vs.* FRANK D. LONGLEY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 5th—decided April 25th, 1933.

*Henry H. Hunt,* for the appellant (defendant).

*Frank S. Bishop,* for the appellee (plaintiff).

MALTBIE, C. J.   On December 3d, 1923, C. S. Longley signed and delivered to the plaintiff a note for $1900, payable on demand to himself at the plaintiff bank.   On the back of the note appeared the following: "For value received, the undersigned hereby jointly and severally guarantee payment of the within note.  Waiving demand of payment, notice of nonpayment and notice of protest thereon."   This was signed by C. S. Longley, Josephine F. Longley, his wife, Frank D. Longley, and Charles D. Babb.   C. S. Longley and Babb were discharged in bankruptcy before demand was made on the defendants for payment of the note.   This action, brought against Josephine F. Longley and Frank D. Longley, sought a recovery based upon the writing on the back of the note.   When

it was given, it was understood that C. S. Longley would make payments on it from time to time and also that he was to pay interest. On March 10th, 1924, Frank D. Longley wrote the plaintiff asking the amount of the indebtedness on the note in question, "on which I am . . . endorser," and the method of payment. The plaintiff in reply described the note and stated that the interest had been paid to that time. From and after the date of this correspondence, C. S. Longley from time to time paid the interest due on the note to January 1st, 1930; the trial court has found that Frank D. Longley knew that interest was being charged and paid on it; and this finding is not attacked. In 1927, C. S. Longley made a payment of $25 upon the principal. On April 24th, 1930, the plaintiff made demand upon the defendant for payment, and the trial court has found that in view of all the circumstances this demand was made within a reasonable time. It was stipulated between the plaintiff and the defendant Josephine F. Longley that judgment should be entered against the latter, and the court, after hearing, gave judgment against both the defendants for the balance due upon the note with interest and costs. Frank D. Longley has appealed and we shall hereafter speak of him as the defendant.

The defendant claims that any liability on his part is barred by the statute of limitations. The statute provides that an action upon such an obligation as that embodied in this note and in the writing upon the back of it, must be brought within six years after the right of action accrued. General Statutes, § 6005. The right of action upon the note accrued at once upon its execution and delivery. *House* v. *Peacock,* 84 Conn. 54, 55, 78 Atl. 723; *Higinbotham* v. *Manchester,* 113 Conn. 62, 72, 154 Atl. 242. The provision in the Negotiable Instruments Act, General Statutes,

§ 4388, that, when a note is payable on demand, presentment for payment must be made within a reasonable time, does not change the date of the maturity of the note, but fixes the time within which presentment must be made in order to charge an indorser. *Hampton* v. *Miller,* 78 Conn. 267, 271, 61 Atl. 952. Any cause of action against the maker of the note, in the absence of circumstances tolling the statute, was therefore barred after six years from its execution and delivery. *Trustees of Alms-House Farm* v. *Smith,* 52 Conn. 434, 436; *Curtis* v. *Smith,* 75 Conn. 429, 432, 53 Atl. 902. If we regard the writing upon the back of the note as a guarantee, a cause of action accrued upon it as soon as the note was executed and delivered. *Bernd* v. *Lynes,* 71 Conn. 733, 43 Atl. 189. If we regard that writing as an indorsement, the signers, by waiving demand, notice of nonpayment and protest, became immediately liable upon it and an action could be brought against them at any time after the execution and delivery of the note. Whichever view we might take of the writing, any cause of action upon it would be barred after the expiration of six years, unless the running of the statute was tolled by other circumstances.

We held in *Bound* v. *Lathrop,* 4 Conn. 336, following the English common-law rule, that a part payment by a joint contractor, including one of the makers of a joint note, would toll the statute as to the other contractor. In *Austin* v. *Bostwick,* 9 Conn. 487, 502, *Bissell* v. *Adams,* 35 Conn. 299, 302, and *Beardsley* v. *Hall,* 36 Conn. 270, 275, we applied the rule as regards an acknowledgment or part payment of a debt by one co-partner made before the statute had run against the obligation in question. In *Coit* v. *Tracy,* 8 Conn. 268, 276, S. C., 9 Conn. 1, while we recognized the rule, we declined to apply it as regards two part-

ners where the acknowledgment of the debt by one was made some years after the dissolution of the partnership, and the interest of the partner making the acknowledgment was adverse to that of his former associate. In two cases—*Clark* v. *Sigourney,* 17 Conn. 511, and *Caldwell* v. *Sigourney,* 19 Conn. 37—we had before us a note which ran as follows: "I, Thomas Lloyd, as principal, and Charles Sigourney, as surety, promise to pay" etc., and which was signed by both Lloyd and Sigourney as makers; and we held that a promise made by Lloyd sufficient to toll the statute of limitations as to his liability upon the note would also toll it as regards Sigourney, speaking of them as "joint makers" of the note, as we did later in *Bissell* v. *Adams, supra.*

The rule that a part payment by one joint debtor will toll the running of the statute as regards the other, which was at one time the common law of England, has been changed by statute there and in a number of jurisdictions in this country in which it was early adopted; it has never been accepted in some of our States; in others, where once recognized, it has been repudiated by judicial decisions; and in others, it has been limited in its scope or followed with reluctance as a rule established by early decisions. There can be no doubt that the rule does not represent the opinion prevailing today and that it is opposed by the great weight of authority. Note, 71 A. L. R. 375; 37 C. J. pp. 1131, 1163. The principle upon which it proceeds, that out of the community of interest represented by the joint obligation arises an agency on the part of each obligor to toll the statute as to the other by part payment or acknowledgment of the debt, clearly has little or no foundation in the actual intent of the parties or in the nature of their relationship. *Bell* v. *Morrison,* 26 U. S. (1 Pet.) 351, 367, 7 L. Ed.

174; *Kallenbach* v. *Dickinson*, 100 Ill. 427, 435; *Walters* v. *Kraft*, 23 S. C. 578, 582; *Mayberry* v. *Willoughby*, 5 Neb. 368, 374; *Exeter Bank* v. *Sullivan*, 6 N. H. 124. The rule is undoubtedly capable of working great hardship; one joint obligor, lulled into a sense of security by the running of the statute against the debt, may suddenly be confronted with an obligation which he had reason to believe had been barred many years before, but which he finds has been kept alive by an acknowledgment or part payment made by his co-debtor, perhaps even without his knowledge. If the exigencies of this case required, we should feel compelled to consider carefully whether the rule announced in our earlier cases should, in the light of these considerations, now be followed.

In this case we are really asked to extend the rule beyond the scope we have heretofore given to it, so as to give to payments made by a principal debtor the effect of tolling the statute as regards one who is a guarantor or indorser of the note representing the debt. In *Carpenter* v. *Thompson*, 66 Conn. 457, 34 Atl. 105, while pointing out that a contract of guarantee upon a note was a distinct obligation from that created by the note itself, we quoted (p. 464) from *Gardiner* v. *Nutting*, 5 Me. 140, where it was held that a new promise by the maker of a note would not take the obligation of a guarantor out of the statute, because they were never jointly liable to the holder; and this is the position generally taken by the courts in other jurisdictions. *Homewood Peoples Bank* v. *Hastings*, 263 Pa. St. 260, 265, 106 Atl. 308; *Browning* v. *Tucker*, 9 R. I. 500; Arnold, Suretyship & Guaranty, p. 194. It is also now generally held that the acts of the maker of a note sufficient to toll the statute as to him, will not have that effect as regards an indorser who does not authorize, participate or acquiesce in

them. *Smith* v. *Dowden,* 92 N. J. L. 317, 105 Atl. 720; 37 C. J. p. 1168. The cases of *Maddox* v. *Duncan,* 143 Mo. 613, 45 S. W. 688, and *Northwest Thresher Co.* v. *Dahltorp,* 104 Minn. 130, 116 N. W. 106, are interesting because they involve notes each of which bore upon its back a writing substantially like that upon the note before us, and while in one case the court construed the writing to be a guarantee, and in the other an indorsement, both held that the acts of the maker of the note tolling the statute as to him would not toll it as to the signers of the writing. Some courts which apply the English common-law rule as regards joint obligors deny its application to guarantors and indorsers, upon the ground that as regards them there is no such community of interest as exists between joint obligors, and hence no basis for the presumption of agency upon which that rule rested. Certainly the payment made by the maker of the note here in question upon its principal amount, which was not even known to the defendant, cannot have the effect of tolling the statute as to him, whether he is to be regarded as a guarantor or an indorser.

The payment of interest by the maker of the note would also have the effect of tolling the statute as to him. *Tuttle* v. *Armstead,* 53 Conn. 175, 180, 22 Atl. 677; *Sandford* v. *Hayes,* 19 Conn. 591, 597. These payments present a different situation from that made on the principal of the note, because the trial court has found that they were known to the defendant. In order that a payment upon a debt may have the effect of tolling the statute, it must amount to such a recognition of the debt as a subsisting one that the law might imply from it a promise to pay it. *Clark* v. *Diefendorf,* 109 Conn. 507, 515, 147 Atl. 33; *Radigan* v. *Hughes,* 84 Conn. 137, 141, 79 Atl. 50. The mere fact that one knows that another, also obligated to

pay the debt, has made payments upon it, without his authorizing, consenting to, or participating in such payments, is not a sufficient basis upon which to base such a recognition. *Hoover* v. *Hubbard,* 202 N. Y. 289, 291, 95 N. E. 702. "Part payment of a debt by a debtor constitutes an admission by the person obligated to pay, of his liability for the whole debt upon which the partial payment is made, and justifies an inference of a new promise made at that time to pay the portion remaining unpaid. The courts acting upon this admission, and in inferring therefrom the new promise, treat the contract as renewed from the time of the part payment, and the payment as giving a fresh start to the running of the statute. It is obvious that a payment by a stranger, or by a person not authorized to represent the debtor, affords no ground for assuming any admission on his part, or for inferring a new promise by him to pay the balance of the debt, and a payment not made by him or by his authority cannot, therefore, arrest the running of the statute." *Murdock* v. *Waterman,* 145 N. Y. 55, 63, 39 N. E. 829. "Expressions of the courts to the effect that the co-debtor not actually making the payment will be bound only when it is made 'by and with his knowledge and consent, or by and with 'his authorization or ratification,' must mean such action upon the part of the co-debtor not actually paying as would indicate that he joins in the payment or that he intended it to bind him to the same extent as if he had made it, or that his conduct was such as to justly lead the person receiving the payment to believe that it was made on his behalf or that he intended to be bound by it." *Farmers & Mechanics Bank* v. *San Poil Consolidated Co.,* 126 Wash. 137, 140, 207 Pac. 707. If this were not so, a guarantor or indorser of a note might be held to have voluntarily renounced the protection of the

statute although he was strongly opposed to the making of the payment or to waiving the bar created by it. The payments of interest upon the note before us by its maker, though made with the knowledge of the defendant, are, in the absence of other circumstances, insufficient to remove the bar of the statute as regards his liability.

As the cause of action upon the writing on the back of the note accrued when it was executed and delivered, and no circumstances sufficient to toll the running of the statute of limitations in favor of the appellant were proven, no action would lie against him upon that writing unless brought within six years. As this action was not brought until September, 1930, that statute afforded him a good defense, and no recovery could be had against him.

There is error, the judgment as regards the defendant Frank D. Longley is reversed and the trial court is directed to enter judgment in his favor.

In this opinion the other judges concurred.