[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 5, 1996
This is an action by Remington Investment, Inc. (Remington) against Eugene Grenier (Grenier) for satisfaction of a note given to Remington by Grenier on June 17, 1987, in the amount of $1,925,000. Grenier filed an answer in which he admits execution of the note and asserts as a special defense that the action is time barred. CT Page 5529
Section 42a-3-118(b) of the General Statutes, formerly § 42a-3-122, provides, in relevant part: "Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand." This section was enacted in 1991, and was designated as P.A. 91-304, § 18.
Prior to the enactment of § 42a-3-118(b), the governing statute of limitations was the six-year limitation on contract actions. See, e.g., Broadway Bank Trust Co. v. Longley, 116 Conn. 557,559. The time set for accrual of a cause of action on a demand note was contained in § 42a-3-122(1), which provided, inter alia that: "A cause of action against a maker or an acceptor accrues . . . (b) in the case of a demand instrument[,] upon its date or, if no date is stated, on the date of issue."
Grenier argues that § 42a-3-122(1) controls this action, and that since the date of issue on the note in question was June 17, 1987, the time within which to bring an action on the note expired on June 17, 1993. Remington does not dispute that the law in effect at the time of execution provided for accrual of a cause of action on the date of issuance of a demand note; it argues, however, that § 42a-3-118(b) applies retroactively and governs this action. There is no dispute that if §42a-3-118(b) controls this action, Remington's claim is timely since demand on the note was first made on February 2, 1996, and the action was commenced within one week of demand.
The general rule is that statutes affecting substantive rights are to be given prospective effect, except in the case of a clear legislative intent to the contrary Statutes of limitation, however, are presumed to apply retroactively, since they are generally considered procedural, not substantive. "Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim." Roberts v. Caton, 224 Conn. 483,488-89. Accordingly, § 42a-3-118(b) governs this action, and Remington's claim is timely. In passing, it may be noted that two Superior Courts that have examined this issue have each reached the same conclusion. See New England Bank Trust Co. v.Butler, 14 CONN. L. RPTR. 288 (May 18, 1995) (Rittenband, J.);First Commerce of America v. Mr. Travel Agent, Inc., Superior CT Page 5530 Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 236815 (March 28, 1995) (D'Andrea, J.).
Since Grenier's special defense of the expiration of the statute of limitations must, as a matter of law, fail, and since he has admitted due execution of the note and nonpayment, the court concludes that Remington is entitled to judgment as a matter of law on the issue of liability, and the motion for summary judgment as to liability is accordingly, granted.
MORAGHAN, J.