## In re STERNBERG.

(District Court, D. Connecticut. June 16, 1924.)

No. 5809.

1. Bankruptcy ⬥140(1)—Reservation of title by unrecorded conditional sale contract held ineffective against buyer's trustee.

Under Gen. St. Conn. 1918, § 4746, providing that all conditional sales not made in conformity with section 4744, requiring the contracts to be recorded within a "reasonable time," shall be held absolute sales, except as between vendor and vendee, "or their personal representatives," the trustee in bankruptcy of a vendee is not his personal representative but under Bankruptcy Act, § 47a (2), as amended by Act June 25, 1910, § 8, (Comp. St. § 9631), represents his creditors.

2. Contracts ⬥212(1)—"Reasonable time."

The words "reasonable time" have no set limits and no precise definition, but what constitutes a reasonable time depends entirely on the facts and circumstances of each particular case, and is to be decided in each case as a question of fact.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

3. Sales ⬥465—Recording of conditional sale contract seven months after delivery of property thereunder not within "reasonable time."

Under Gen. St. Conn. 1918, § 4744, requiring conditional sale contracts to be recorded within a "reasonable time," recording such a contract more than seven months after its execution and delivery of the property thereunder was not a compliance with the statute.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

300 F.—56

**4. Equity �köô409—Findings of fact of special master entitled to great weight.**
    Findings of fact of a special master are entitled to great weight, and if made on conflicting evidence will not be disturbed.

In Bankruptcy. In the matter of Adolph C. Sternberg, bankrupt. On exception to report of special master on petition for reclamation of the Watson Products Corporation. Exceptions overruled.

John J. Dwyer, of New York City, for petitioner.
Stewart N. Dunning, of Hartford, Conn., for trustee.

THOMAS, District Judge. This petition is before the court upon exceptions to the report and finding of the special master. It appears that on March 19, 1921, the bankrupt purchased ten wagons from the Watson Products Corporation, of Canastota, N. Y., upon a conditional bill of sale, at a stipulated price, with periodic payments set forth therein. The wagons were delivered to the bankrupt on April 5, 1921. The conditional bill of sale was executed on March 19, 1921, and recorded in the land records of West Hartford, the town in which the bankrupt did business, on November 11, 1921. The total purchase price of the wagons was $2,638.10, and there is an unpaid balance due amounting to $1,328.06. A voluntary petition in bankruptcy was filed and an adjudication had on March 17, 1922. Reclamation proceedings, seeking the return of the wagons from the trustee, were filed on May 7, 1922. The special master filed his report on January 15, 1924, finding the allegations of the petition true, but finding that the conditional bill of sale was not recorded within a reasonable time under the provisions of the Connecticut statute, and therefore void as against creditors. To this report the petitioner excepts.

The petitioner, among other things, alleges that the trustee sold the property in question on April 29, 1922, after having had notice of the reclamation proceedings filed by the petitioner. This would in no way affect the merits of the action now pending, for the reason that, should the petitioner prevail, he has ample remedy against the funds, or he could attack the title of the trustee's vendee. The sole question then is whether, within the meaning of the Connecticut statute, the conditional bill of sale, entered into on March 19, 1921, was recorded within a reasonable time by recording it on November 11, 1921, a period of nearly eight months after its execution.

[1] Section 4744 of the General Statutes of Connecticut, Revision of 1918, provides that contracts affecting personal property, the title to which remains in the vendor, shall, among other things, be recorded within a "reasonable time" in the town clerk's office in the town where the vendee resides. Section 4746 provides that all conditional sales of personal property, not made in conformity with the provisions of section 4744, shall be held to be absolute sales, except as between vendor and vendee or their personal representatives.

Does the trustee in bankruptcy acquire title thereto as such officer, or does the title remain in the vendor, on the ground that the trustee is the personal representative of the vendee, within the meaning of the statute? No question is raised, and none could be successfully raised,

�köô For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that as between the vendor and vendee the conditional bill of sale is adequate. The statute in question, as it read in 1893, provided that such a sale shall be held to be absolute, "except against the vendor and his heirs." The law as it now reads is that such sale shall be held absolute, "except as between the vendor and vendee or their personal representatives."

What, then, is meant by "personal representatives"? A full and complete discussion of the meaning of the words and the intent and purpose of the statute in question may be found in Re Wilcox & Howe Co., 70 Conn. 220, 39 Atl. 163, decided in 1898. In that case the court held that a chattel mortgage or a conditional contract of sale, not recorded, does not stop the vendee's receiver from claiming that the instrument had not been properly recorded. The court, speaking by Mr. Justice Torrance, said on page 233 (39 Atl. 167) :

"In a case like the present, a dispute as to the ownership of property between the receiver and the conditional vendors is in effect, and must be regarded as, one between such vendors and the creditors of the conditional vendee, and in such a case the statute imperatively requires that the property in dispute shall be held to be the absolute property of the conditional vendee."

In Unmack, Receiver, v. Douglass, 75 Conn. 633, Mr. Justice Baldwin said on page 635 (55 Atl. 12, 13) :

"The paper under which Galwey derived his title from the Henry Killam company was in substance a conditional sale, and, never having been acknowledged or recorded, was, as to his creditors and the plaintiff, an absolute sale."

In American Clay Machinery Co. v. New England Brick Co., 87 Conn. 369, 87 Atl. 731, the court sets forth that the contract, not having been acknowledged when first recorded, falls within the rule laid down in Re Wilcox & Howe Co., supra. In M. Irving Jester v. Tony Naples, 94 Conn. 567, 109 Atl. 894, the Supreme Court of Errors again reaffirms its rulings that an unrecorded conditional contract does not protect property from attachment by creditors of the vendee.

All of the decisions quoted hold that the purpose and object of the statute is to protect the creditors of and bona fide purchasers from the vendee in such contracts. As to them the failure to record the contract, and thereby furnish notice to creditors who might extend credit by reason of what they see in the vendee's possession, or bona fide purchasers who have no notice of a lien thereon, is to render the sale an absolute one. The creditors, by the very appointment of a trustee, are restrained from making an attachment. It requires the citation of no authority to support the proposition that the trustee is the sole agent through whom the rights of creditors can operate and be enforced. In the capacity of trustee, he is the representative, for the purpose here under discussion, not of the bankrupt vendee, but of the creditors.

The petitioner cites in support of his contention York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, decided in 1906, but overlooks the fact that the amendment to section 47a (2) of 1910 (Comp. St. § 9631), changed whatever effect the decision of the Supreme Court may have had, so that the trustee is now vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and the trustee in bank-

ruptcy is now in the position of a lien creditor. The amendment in question reads as follows:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Judge Witmer, in construing this amendment in Re Hartdagen (D. C.) 189 Fed. 546, pointed out that undoubtedly Congress passed the amendment to meet the decision in the Cassell Case, and in order to give to the trustee a stronger position than he formerly held under the Bankruptcy Act before the amendment of 1910, and said on page 549:

"This provision of the Bankruptcy Act puts the trustee, in so far as the assets of the estate are concerned, in the position of a lien creditor, and to this extent this case is distinguished from the case of York Mfg. Co. v. Cassell, and others of its character, which no doubt inspired Congress to enact the amendment recited."

Judge Grubb, in Re Dancy Hardware & Furniture Co. (D. C.) 198 Fed. 336, discussed the Cassell Case and the amendment of 1910, and on page 339 pointed out that:

"One of the purposes of the amendment was to confer on trustees in bankruptcy the same right to avoid secret unrecorded liens as the creditors would have had under the state laws, had not the bankruptcy intervened, and the exercise of which they are deprived of by the bankruptcy proceeding. The rights of creditors to avoid unrecorded liens, which the Bankruptcy Act confers on trustees, are to be determined by the laws of the particular state requiring the record. The act was intended to give to the trustee the rights, remedies, and powers of each and all classes of creditors who are clothed by the recording statutes of the states, as construed by their courts, with the right to avoid such secret and unrecorded liens or conveyances."

So here it necessarily follows that the laws of Connecticut and the amendment of 1910 to the Bankruptcy Act determine the rights of the trustee. If the conditional bill of sale was not recorded within "a reasonable time," as provided in the Connecticut statute, the property in question passed to the trustee as the representative of the creditors, and, of course, the converse is equally true. The only question then is: Was the conditional bill of sale recorded within "a reasonable time"?

[2] The special master has found that executing an instrument on March 19th and recording it on November 11th was not "a reasonable time," within the meaning of the Connecticut statute. It is perfectly apparent that the words "reasonable time" have no set limits and no precise definition, and it is well settled that what is a reasonable time depends entirely upon the facts and circumstances of each particular case, the same as reasonable care depends upon the facts and circumstances of each particular case. It is a question of fact for the trier to decide. In Lockwood v. Crawford, 18 Conn. 361, Chief Justice Church said on page 372:

"What shall be deemed reasonable time, must, to some extent, be determined by the peculiar circumstances of each case."

In Tomlinson Carriage Co. v. Kinsella, 31 Conn. 268, Chief Justice Hinman, discussing a reasonable time, said on page 273:

"It has never been attempted, however, to fix this time with any degree of precision, except in reference to the circumstances of each particular case."

See, also, Oley v. Miller, 74 Conn. 304, 310, 50 Atl. 744; Hampton v. Miller, 78 Conn. 267, 61 Atl. 952.

In all jurisdictions the courts have refused to give a definite decision as to the exact meaning of "reasonable," whether the question arises with reference to reasonable time, reasonable doubt, the conduct of reasonably prudent men, reasonable diligence, control, care, or certainty, and everywhere it has been held to be a question of fact in each case, depending upon the circumstances of each case.

[3] As previously noted, a period of approximately eight months elapsed between the execution and recording of the instrument here under discussion. It seems incredible, under the facts and circumstances of this case and considering the purposes which the statute seeks to accomplish, that any trier could hold that such a period was a "reasonable time." I hold, with the special master, that the time was unreasonable—entirely so.

[4] It should also be noted that the report of the special master, in any case based upon findings on questions of fact, is entitled to great weight, is even well nigh conclusive, and, if there is any evidence to support it, or if the evidence is conflicting, this court and all other courts have held that such a finding will not be disturbed. It follows, therefore, that the exceptions to the master's report are overruled.

Decree accordingly.