## In re SUNSHINE STEAM LAUNDRY, Inc.

### No. 10642.

District Court, D. Connecticut.

July 9, 1930.

Benjamin Krevit, of New Haven, Conn., for petitioner.

John H. Barnes, of Norwich, Conn., for appellee.

THOMAS, District Judge.

This matter is before the court on the petition of Harry Davison to review the order of the referee dismissing his petition to reclaim certain personal property claimed to be owned by him and enumerated in the conditional bill of sale on file. The property therein mentioned was sold to Joseph Hager and Irving Levy as conditional vendees who thereupon incorporated the bankrupt.

The conditional bill of sale was dated November 2, 1928. On November 9, 1928, the conditional vendees sold and conveyed said property to a corporation which they organized on the same day. The conditional bill of sale was recorded January 18, 1929, in the records of personal property in the town of Norwich where the vendees resided and where the property was located. On December 27, 1929, or a little more than a year after the corporation was organized, it was adjudicated a bankrupt, and at the time of the adjudica-tion said articles of personal property were a part of the assets of the bankrupt corporation. The petition to reclaim was filed January 3, 1930.

It is agreed that the debts of the bankrupt at the time of the adjudication in bankrupty were all incurred after the conditional sales contract had been recorded.

The petition was dismissed by the referee upon the ground that the delay in recording the conditional bill of sale of two months and sixteen days was, under the statutes of Connecticut, unreasonable. Upon the authority of In re Sternberg (D. C.) 300 F. 881, we must accept that conclusion in the absence of any warrant to set aside that controlling finding.

The matter at bar is controlled by section 4746 and section 4744 of the General Statutes of Connecticut, Revision of 1918, as amended by chapter 153 of the Public Acts of 1927, which read:

Section 4744: "All contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides;"

Section 4746: "All conditional sales of personal property not made in conformity with the provisions of section 4744 shall be held to be absolute sales, except as between the vendor and vendee or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee, in the same manner as any other property not exempted by law."

It will thus be seen that the law of the state provides that conditional bill of sale must be recorded within a "reasonable time" and, if it is not, such sale "shall be held to be absolute." The referee dismissed the petition to reclaim upon the ground that the delay of two and one-half months in recording was unreasonable. But the petitioner contends that the reasonableness of such delay is not to be determined by a time measurement, but that the true criterion is to be found in the supervention of equities based on liens established by creditors. The objection to this argument is found in the very language of the controlling statutes which do not declare a conditional bill of sale void only as to those creditors who have established liens on the property of

the vendee prior to the day the conditional bill of sale is recorded. There is no such limiting language in the statute. Its language is much broader than that. We have just seen that a conditional sale which has not been recorded "within a reasonable time" is "an absolute sale except as between vendor and vendee." There is nothing in the statute which remotely suggests that the reasonableness of the delay in filing has any relation whatsoever to the establishment of supervening equities or liens. If we follow this argument of the petitioner to its logical conclusion, we would have to hold that the levy of an execution within twelve hours after the acquisition of a chattel sold under a conditional bill of sale would serve to deprive the conditional vendor of his title, even though the bill of sale was recorded within twenty-four hours after its execution. Manifestly the argument is not sound.

The cases based upon the Kansas statute which are cited and relied upon by petitioner are inapplicable here, for the reason that the Kansas statute does not contain the provision about recording the contract within "a reasonable time," as is provided in the Connecticut statute. Section 58—314, Revised Statutes Kansas 1923, merely declares:

"That any and all instruments in writing * * * evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchaser, or the creditors of the vendee, unless the original instrument * * * shall have been deposited in the office of the register of deeds of the county wherein the property shall be kept."

█ Hence the Kansas statute and the cases decided by the Supreme Court of Kansas are not in point here. Nor are we concerned with the rights of a conditional vendor as against a purchaser with actual notice of the conditional sale. Whether the creditor might have retaken possession from the bankrupt before the adjudication in bankruptcy and the appointment of a trustee is beside the point. The trustee, with respect to this property, occupies the position of a creditor holding a lien, and none of the cases cited by the petitioner go so far as to hold that, as against such person, under the circumstances here disclosed, the conditional sales contract is valid. Under the well-established rule set forth in the adjudicated cases, a trustee in bankruptcy acquires in some instances greater rights than the bankrupt had and that such trustee acquires rights equivalent to the rights of an attaching creditor.

█ The petitioner contends that two of the three organizers of the bankrupt corporation were the original conditional vendees, and had knowledge of the transaction, and hence the bankrupt corporation did not get a better title than they, as vendors of the bankrupt corporation, had. This claim is unsound, because the corporation is a separate entity, and as such acts independently, and is bound only by the acts of its representatives when the latter act within the scope of their authority. Applying the rule above stated, the bankrupt corporation got a better title than the two of its incorporators had as conditional vendees.

As there is no basis for overruling the referee's finding that the delay of ten weeks in recording the bill of sale was unreasonable, the remaining question is whether this objection is available to the trustee.

█ There is much merit in the argument advanced by the petitioner that, as this bill of sale was recorded long before any of the scheduled debts were incurred, the delay in recording could not have been prejudicial to the rights of creditors. The trouble, however, with this argument is that under the Connecticut statute the presence or absence of "prejudice" is immaterial and irrelevant. As already noted, the statute makes an unrecorded conditional bill of sale "absolute" as to all creditors—not merely as to those who extended credit upon the strength of the apparent title of the conditional vendee. And, so far as creditors are concerned, the bill of sale is as good as though unrecorded, if it is not recorded within a "reasonable time."

Upon the authority of In re Wilcox & Howe Co., 70 Conn. 230, 39 A. 163, Camp v. Thatcher, 75 Conn. 165, 52 A. 953, and In re Sternberg (D. C.) 300 F. 881, we are here precluded from holding that the statutes above referred to apply only to a creditor acquiring a lien by judicial process.

It follows, therefore, that for the reasons herein given the ruling and finding of the referee is affirmed, and the petition for review is dismissed.

Submit order accordingly.