**In re GUILD, BLOOMFIELD & JENSEN, Inc.**
**No. 11778.**

District Court, D. Connecticut.
July 28, 1931.

Williamson, Willis, Lister & Foster, of Bridgeport, Conn. (Lorin W. Willis, of Bridgeport, Conn., of counsel), for petitioners.

Sydney C. Perell, of Stamford, Conn., for trustee.

HINCKS, District Judge.

This matter comes before the court upon the certificate of the. referee, issued upon the petitioners' request for a review of an order by the referee, filed May 12, 1931, requiring the petitioners herein to surrender to the trustee of the above-named bankrupt a certain Ford automobile now in their possession.

From the referee's certificate, it further appears that the automobile in question was sold by these petitioners to the bankrupt on August 28, 1930, upon a conditional bill of sale, which was recorded on September 30, 1930. The adjudication in bankruptcy was entered on March 23, 1931, and thereafter these petitioners repossessed the automobile in question and still hold the same.

It appears further from the certificate that the vendee, now the bankrupt, was insolvent on or before the date the contract of conditional sale was executed, and remained insolvent until the petition was filed.

Section 4697 of the General Statutes of Connecticut reads as follows:

"Sec. 4697. *Conditional Sales to be Recorded.* Except as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides; but the provisions of this section shall not apply to household furniture, musical instruments, phonographs, phonograph supplies, radios, bicycles or property exempt from attachment and execution."

Section 4699 of the General Statutes of Connecticut reads as follows:

"Sec. 4699. *When Sales Held to be Absolute.* All conditional sales of personal property not made in conformity with the provisions of section 4697, and all conditional sales of personal property which, at the time of such sale or thereafter, shall be so attached to any real estate as to appear to be a fixture, or to form a part of such real estate, shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution."

■ For all purposes of this statute, it is clear that a trustee in bankruptcy is not a "personal representative" within the meaning of the statute. In re Sternberg (D. C.) 300 F. 881; American Clay Machinery Co., v. New England Brick Co., 87 Conn. 369, 87 A. 731, 733; In re Wilcox & Howe Co., 70 Conn. 220, 39 A. 163. The ruling of the referee to that effect is therefore confirmed.

■ Whether the delay of a month in filing the contract of conditional sale operated to make the sale an absolute one in favor of the trustee in bankruptcy is a more difficult question, and one which must be determined in accordance with the law of Connecticut. Collier on Bankruptcy, vol. 2, p. 1701.

It is clearly established by the Connecticut cases that, under the statute quoted, the conditional vendor is estopped "from claiming title to the subject of such sale against a bona fide purchaser or attaching creditor or others who have acquired some lien or other beneficial interest in the property through the vendee while the property was in his possession," if the contract of conditional sale in question was not made and filed in all respects in accordance with the statute. American Clay Machinery Co. v. New England Brick Co., supra. No case, however, goes so far as to hold that a vendor under a contract of conditional sale irrevocably forfeits his title in the event of delay, even unreasonable delay, of the filing of his contract, or failure to comply with all the technical provisions of the statute. Indeed, in the American Clay Machinery Case, the original contract which was filed contained no acknowledgment. Thereafter a completed contract was filed, bearing a sufficient acknowledgment. The court held that the corrected contract failed to satisfy the statute, but only because it was not filed within a reasonable time, in view of the fact that new obligations to creditors had intervened. And in the case of Camp v. Thatcher, 75 Conn. 165, 52 A. 953, a decision holding a conditional sale to be an absolute one as against the plaintiff because of the delay of a month in filing the contract was predicated, not upon the proposition that a belated filing is wholly nugatory, but rather upon the fact that in that

case an adverse right had intervened, without notice, actual or constructive, of the vendor's title.

And so it seems to be the rule in Connecticut that, in determining whether or not a conditional sale shall be treated as an absolute sale in favor of intervening' creditors, "the controlling test is obviously that of an actual or constructive reliance upon apparent ownership of the property involved when credit was given." Jester v. Naples, 94 Conn. 567, 109 A. 894, 895. Of course, if there were properly on record a contract fully satisfying the statute, the element of an "actual or constructive reliance" upon the apparent ownership of the property would be wholly lacking.

To be sure, there seems to be some difficulty in reconciling the language just quoted from the opinion in the Jester Case with the facts involved, in that there the plaintiff vendor's claim arose before the subject of sale ever came into the vendee's possession. The contract there was defective for lack of acknowledgment and record, yet the court said that, by reason of this infirmity, the vendee's creditor had "the right to enforce the appropriation of the property to the payment of his claim against Calabretta [the vendee] so long as it remained in the latter's possession under the defective instrument." In other words, the court treats the conditional sale as an absolute sale in favor of the vendee's creditor whose claim antedated the sale. Such a ruling, it will be observed, involves no inherent conflict with the test quoted above; i. e., reliance on the vendee's title when credit is given; for in the usual case a creditor who forbears to collect his debt "gives credit" as much as one who makes a new loan. Each has an equal interest in the financial ability and property of the debtor, and each is equally entitled to the notice provided by the statute of the existence of contracts reserving to others title to property in the apparent ownership of the debtor vendee.

■■ It thus appears that the statute, in providing for the filing of the contract "within a reasonable time," must be construed to mean that the filing is within a reasonable time as to any given creditor if such creditor gave or extended no credit in the broad sense discussed above prior to the actual time of the filing of the contract.

Indeed, it is hard to see how other factors could affect the determination of the question. The mere filing of a document seems to raise none of the considerations encountered in the other classes of cases in which reasonableness of time is an issue.

The Connecticut courts have repeatedly held that the primary purpose of the conditional sales statute was the protection of creditors and bona fide purchasers of the vendee from undisclosed contracts reserving title to others. It is in no whit inconsistent with this legislative intent that a filing which might be within a reasonable time with respect to one creditor would not be so with respect to another. In each case the test must be whether a sufficient contract had been filed "when credit was given." Consequently, as to creditors whose claims originated prior to the filing 'of the contract, the sale must be deemed absolute. As to creditors whose claims originated subsequent to the filing of the contract, and who had a reasonable time by reference to the records to ascertain the existence of the contract, the conditional vendors are free to assert their title.

The test, it will be observed, is equitable, in that it protects all creditors who consult the records of the town clerk from unfiled and secret agreements, thus accomplishing to the full the primary object of the statute. On the other hand, it guards the vendor from an unconscionable advantage at the hands of a creditor who extended credit with knowledge, actual or constructive, of the vendor's claim. And it tends to hold the property in the hands of the vendee available to any creditor who gave credit in reliance thereon to the exclusion of all those who did not.

■■ Furthermore, the test is a practical one. It is easy of application in a contest between a single creditor and the vendee; it being necessary to ascertain only when the creditor's claim originated. In case of bankruptcy, however, further considerations are involved. For, obviously, if one out of the many creditors was in a position when the petition was filed to treat the sale as an absolute one, the trustee is subrogated to his rights. Consequently, it results that the vendor seeking repossession must establish in every case where bankruptcy intervenes that not a single creditor had a claim which originated before the contract was filed. The repossessing vendor is clearly in the position of a plaintiff, and the burden of proof therefore rests on him. In re Master Knitting Corporation (C. C. A.) 7 F.(2d) 11. True, the difficulty of sustaining the burden may at times be insurmountable. But the burden is not inequitable, in that its difficulty varies in proportion to the neglect of the vendor in recording his contract. If he records

promptly, there is no difficulty at all. The longer he waits the more difficult the burden becomes.

It will be observed that the foregoing opinion in no way conflicts with the opinion of Judge Thomas in In re Sternberg (D. C.) 300 F. 881. In that case the matter had been referred to a special master, who, on the facts of that case, which are not fully reported, found that the contract in question had not been filed within a reasonable time. The court merely confirmed the master's decision, pointing out at the same time that the question of reasonable time necessarily depends upon the facts of each separate case.

In this matter it appears that the bankrupt was in possession of the automobile in question when the petition was filed. How the vendors thereafter acquired possession is not disclosed. Presumably not by legal proceedings, or that fact would appear on the certificate for review. And so, if the vendors repossessed without authority of law from the custody of this court, they must stand subject to the same burden of proof as if the property were still in possession of the estate. Subject to that limitation, they are entitled to further hearing, if desired.

Accordingly the matter may be referred to the referee as special master for hearing and determination not inconsistent with this opinion.