## In re LATHROP PHARMACY, Inc.
### No. 12583.

District Court, D. Connecticut.
April 4, 1933.

A. Storrs Campbell, of Hartford, Conn., for petitioner.

Cyril Coleman, of Hartford, Conn., for trustee in bankruptcy.

THOMAS, District Judge.

A petition to review the report of the special master denying a petition for reclamation has been filed by Arthur E. Lathrop, who on March 17, 1926, sold certain personal property to the bankrupt on conditional sale. The contract was recorded on July 31, 1926, more than four months after its execution.

The Connecticut statute relating to conditional sales, section 4697 of the General Statutes, Revision of 1930, provides: "Except as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides. * * *"

Section 4699 provides that conditional sales not conforming to the requirements of section 4697 shall be absolute sales except as between the vendor and vendee and their personal representatives. A trustee in bankruptcy is not a personal representative of the vendee within the meaning of this section. In Re Sternberg (D. C.) 300 F. 881, 883, this court said: "In the capacity of trustee, he is the representative, for the purpose here under discussion, not of the bankrupt vendee, but of the creditors."

The trustee therefore may, and in this case does question the validity of the contract

here in question on several grounds: (1) The contract was not recorded within a reasonable time; (2) the description of the property is insufficient; (3) a reservation of title in the vendor to merchandise to be acquired by the vendee in the future from others to replenish stock sold in the regular course of business is ineffective.

The special master found that the failure to record the contract until more than four months after its execution amounted to a failure to comply with the provision requiring such contracts to be recorded within a reasonable time. The record shows and the petition urges that as none of the creditors who have provable claims extended credit to the bankrupt prior to the recording of the contract the statute quoted supra does not apply. In a similar case Judge Hincks decided that delay in the filing of a conditional sales contract rendered such sale absolute only as to those creditors whose claims antedated the filing. Re Guild, Bloomfield & Jensen (D. C.) 51 F.(2d) 818. If this ruling is followed, it must be held that the filing was within a reasonable time. The Connecticut Supreme Court does not appear to have passed upon this question, and Judge Hincks' opinion suggests some doubt as to the correctness of that ruling. As he points out in his opinion, there are considerations which might lead to a contrary decision. If this was the only question presented by this petition for review the petitioner's claim would have to be sustained.

We now pass to a consideration of the other two points relied upon by the trustee mentioned supra.

The property sold is described in the contract as follows: "The fixtures, drugs, goods, chattels and good will belonging to the said Arthur E. Lathrop and located in a block belonging to said Arthur E. Lathrop in Simsbury."

It appears that it is impossible to identify any of the present stock in trade as being part of the stock at the time of the sale. A soda fountain in the store at that time has been replaced by a new one. Both soda fountains were on the premises at the time the trustee was appointed, and are included in the property sought to be reclaimed, as is the stock purchased since the sale to replace merchandise sold in the regular course of business and some new fixtures.

As to the stock, none of which can be identified as being in the store in 1926 and the subsequently acquired soda fountain and fixtures, the sale must be held to be absolute. The petitioner never had title or possession to this property, and cannot therefore be considered as a vendor of these articles. In Adler v. Ammerman Furniture Co., 100 Conn. 223, 123 A. 268, which was an action of replevin for a motor truck, the court, in determining that the plaintiff was not a conditional vendor, laid considerable stress upon the factors that he had never had possession or title to the truck. An analogous situation appears in the case of De Laigle v. Shuptrine, 28 Ga. App. 380, 110 S. E. 920, 921. In that case it was agreed that crops to be raised by a tenant-farmer should belong to the landlord until payment of the tenant's note. It was held that the contract was not a valid conditional bill of sale. The court said that the landlord "cannot be said to thus reserve in himself the title to something which he does not own and does not purport to convey." To the same effect see Scofield v. National Elevator Co., 64 Minn. 527, 67 N. W. 645; Batchelder v. Jenness, 59 Vt. 104, 7 A. 279. Robinson's Appeal, 63 Conn. 290, 28 A. 40, cited by the petitioner is not in point. There the question was as to whether a claim should be allowed against the estate of the insolvent for a balance due on the contract. Nor is Blanchard v. Cooke, 144 Mass. 207, 11 N. E. 83. In that case the vendor acquired possession prior to the appointment of the trustee in insolvency, and it was held that by acquiring such possession his rights were superior to those of the trustee. Lewis v. McCabe, 49 Conn. 141, 44 Am. Rep. 217, merely discussed the validity of any contract of conditional sale prior to the enactment of a recording statute, at which time it was questioned whether such a contract was valid at all as against creditors of the vendee.

As to the old soda fountain and fixtures, the trustee claims that there is no sufficient description to meet the requirements of section 4697. While it is true, as argued for the petitioner, that personal property is frequently difficult to describe with precision, the statute requires some description. A number of cases considering the question as to the sufficiency of the description in particular instances is collected in a note in 65 A. L. R. at page 717 et seq. The decision in each of these appears to rest upon the specific description of the particular property in question. The rules that a description may be supplemented by parol evidence and that it is sufficient if the contract sug-

gests inquiries which, if pursued, would disclose and identify the goods actually sold, are so general as to be of slight assistance in a specific case. The case most closely in point on this phase of the case is Tilton v. H. M. Wade Mfg. Co. (C. C. A. 4th) 2 F. (2d) 358. It was there held that a description in a Virginia contract, the statute of that state being substantially like the Connecticut statute, was insufficient. As to part of the property which was described in some detail, the description was held sufficient. As to the balance, the Circuit Court of Appeals adopted the statement of the District Judge as follows: "As to all else embraced within the terms: 'all other furniture fixtures and property comprising the jewelry store equipment,' my opinion is the language used is too indefinite to furnish even a line of inquiry, and to require, as means of identification, something which is entirely wanting in the writing itself." [2 F. (2d) 358, 360.]

The description in the present case is no more specific than in that case, and must be held to be insufficient to meet the requirement that the property sold be described.

The report of the special master denying the petition for reclamation is affirmed. Submit decree accordingly.