HUGO A. LEISY, APPELLEE, V. OWEN KANE, APPELLANT: A. R. OLESON, INTERVENER, APPELLANT.

FILED MARCH 26, 1935. No. 29172.

*A. R. Oleson,* for appellants.

*Zacek & Nicholson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

PAINE, J.

This is a replevin action, brought by Hugo A. Leisy, plaintiff and appellee, against Owen Kane, defendant and appellant, to recover certain calves as the increase of certain cows covered by chattel mortgage.

On March 3, 1924, Owen Kane and wife gave said Leisy a note for $12,000, upon which payments were made amounting to a total of $990.50, the last payment being dated September 16, 1929. On June 23, 1931, Kane gave Leisy a chattel mortgage upon certain cows and their increase to secure a part payment of the balance on said note.

The intervener, A. R. Oleson, secured from Kane a chattel mortgage, dated August 12, 1932, to secure payment of a note, dated the same date, for $450, which chattel mortgage covered 30 calves from two weeks old to eight months old. Under this mortgage intervener claimed possession of the 13 calves taken from Kane by Leisy on the writ of replevin.

The principal issue tried was the question whether the appellee, Leisy, had a lien upon the particular calves taken on replevin as against the mortgage of the intervener. The case was first tried in the county court to a jury, which returned a verdict in favor of Leisy. Upon appeal to the district court, and trial upon the same pleadings, the trial court at the close of the evidence directed a verdict against Owen Kane, and submitted the issues between Leisy and the intervener to the jury, which jury also returned a verdict in favor of Leisy.

The evidence disclosed that the mortgage given to Leisy covered all the cows owned by Kane on the date thereof, such clause reading, "together with all increase of the above described live stock, which is all of the kind now owned by me, whether in excess of the specified number or not."

A chattel mortgage upon a specified number of cows, expressly reciting that it is the mortgagor's intention to mortgage all cattle owned by him, and further reciting that the number specified is all of the kind owned by him, is a sufficient description to include all of the cows then owned by the mortgagor, irrespective of the number specified. *Peterson v. Citizens Bank,* 117 Neb. 327; 11 C. J. 461; *Hosmer State Bank v. First State Bank,* 48 S. Dak. 320; *Rawlins v. Kennard & Son,* 26 Neb. 181; *Farmers & Merchants State Bank v. Sutherlin,* 93 Neb. 707.

The principal questions submitted to the jury, under appropriate instructions, were two: First, were the cows mentioned in the plaintiff's mortgage dated June 23, 1931, or some of them, pregnant with calf on said date? Second, were the 13 calves, or any of them, claimed by

plaintiff the increase of said cows as a result of said pregnancy?

The intervener sets out, as the first error relied upon for reversal, the error of the court in instructing the jury that Owen Kane has no interest in the calves in controversy which you are called upon to consider in this action. There could have been no question that these calves were covered by either one or both of these mortgages, and, therefore, there was no error in the court instructing the jury, in effect, that Kane's interest was inferior to that of the two mortgagees in this suit.

The evidence on many points was sharply in dispute, beginning with the period of gestation of a cow, the testimony varying from nine months to nine months and ten days. The time in which calves born to his cows were allowed by Kane to be nursed by their mothers before weaning was also in dispute. The 13 calves taken on the writ of replevin September 2, 1932, were the older and stronger ones, weighing on the average 490 pounds, and the little calves were thrown out as too young to claim under the mortgage dated June 23, 1931.

Sharp criticism is made of instruction No. 8½, reading as follows: "You are instructed that a chattel mortgage describing cows and their increase, made during the period of gestation, creates a lien upon the calves resulting from such gestation and continues such lien while the calves are being nurtured by their mothers during a reasonable period. What is a reasonable period under all the circumstances and the evidence in this case is a question for the jury. This rule would only apply in the controversy herein between the intervener and the plaintiff. Therefore in this case if you find from the evidence that the plaintiff failed to take possession of said calves or any of them within such reasonable time his right so to do would terminate and your finding should be for the intervener as to any such calf or calves."

This is a correct instruction, and is taken in part from the case of *Peterson v. Citizens Bank,* 117 Neb. 327. See

11 Neb. Law Bulletin, 294; *Darling v. Wilson,* 60 N. H. 59, 49 Am. Rep. 305; *Funk v. Paul,* 64 Wis. 35, 54 Am. Rep. 576; 1 R. C. L. 1072, sec. 14.

The evidence as to whether the calves born of pregnancy in process upon June 23, 1931, and which were seized on the writ September 2, 1932, were taken within the reasonable time they could follow their mothers, was submitted to the jury. Was this error on the part of the court?

What is a reasonable time within which an act must be done may be a question of law. "Where the facts are clearly established, or are undisputed, or admitted, reasonable time is a question of law. But where what is a reasonable time depends upon certain other controverted points, or where the motives of the party enter into the question, the whole is necessarily to be submitted to a jury, before any judgment can be formed, whether the time was or was not reasonable." *Hill v. Hobart,* 16 Me. 164.

"The words 'reasonable time' have no set limits and no precise definition, but what constitutes a reasonable time depends entirely on the facts and circumstances of each particular case, and is to be decided in each case as a question of fact." *In re Sternberg,* 300 Fed. 881.

It is clear that a chattel mortgage which covers "increase" will include calves which are born later, but were then in gestation, during all of the time such calves are running by the side of the cows for a reasonable time, but if such calves have definitely left the cows and can no longer be identified, they would not be covered by such mortgage. Therefore, this question of what was a reasonable time was submitted, under proper instructions, to the jury, and the jury decided for the plaintiff, and this court. is bound by such a verdict because it involves only questions of fact.

We have examined all the other errors alleged, and finding no prejudicial error in the record, the judgment of the trial court is

AFFIRMED.