[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ORDER COMPELLING PLAINTIFF TO RESPONDTO DEPOSITION QUESTIONS AND FOR COSTS AND OBJECTION TO THISMOTION
This action was filed in this court on July 12, 1991, — four years and seven months ago. David M. Chin (Chin) is the plaintiff in this action. At the time of the deposition involved in this Motion to Compel and for a time thereafter; counsel (G) represented defendant Paul E. Pozzi. Later, because of an alleged conflict with one of the parties, new counsel (C) appeared for Pozzi with counsel (G) remaining to represent the co-defendant, Carlin, Pozzi, Chin Architects, P.C. (Carlin Pozzi). Plaintiff has beoy represented by the same counsel (B) throughout this litigation. On, August 14, 1991, Chin's deposition was taken with G and B in' attendance. G had noticed that deposition when he appeared for Pozzi.
There is before this court for disposition the "Motion for Order Compelling Plaintiff to Respond to Deposition Questions and for Costs" (Motion To Compel) dated January 26, 1996. It is filed by "The Defendant/Plaintiff in counterclaim, Carlin, Pozzi, Architects, P.C. by G's firm. It claims, inter alia, that Chin's counsel at the August 14, 1991 deposition "essentially blocked" the questioning of Chin "by repeatedly and improperly objecting without a proper basis and by otherwise interrupting the questioning", that such unfair tactics "resulted in coaching the witness as well as introducing the personal testimony of Chin's attorney." This motion asks an order compelling Chin to respond to all questions put to him and "which he refused to answer" at the deposition as well as assessing Chin with the costs of that deposition.
Chin has filed his objection to the motion to compel. In doing so he claims that because the attorneys agreed at the 1991, deposition that objection were not to be reserved for time of trial, that his counsel was entitled to raise objections to any questions she believed in good faith to be objectionable, that opposing counsel apparently did not follow through on Judge Dorsey's direction to take up the objected — to matter up with the PJR judge at a hearing scheduled shortly after the deposition and that waiting almost four and a half years after the August 14, 1991 to file his motion to compel amounts in effect to an CT Page 2779 abandonment of his claims of impropriety at that 1991 deposition.
At the hearing on this matter before this court on the Motion to Compel and Chin's objection, Chin's counsel also raised the question as to whether G, who has not represented Paul Pozzi since 1991 is the proper party to bring the instant motion to compel because G's firm has not represented Paul Pozzi since 1991.
On July 18, 1991, Chin's counsel moved, inter alia, for a prejudgment remedy disclosure of assets and temporary injunctive relief as against Pozzi. Pozzi, in turn, asked for a temporary restraining order. On July 30, 1991, G, on behalf of Pozzi, noticed Chin's deposition alleging the necessity for doing so was to properly defend against Chin's requested relief at the PJR hearing on which was originally scheduled to be on August 5, 1991. On August 14, 1991, Chin's deposition was taken.
The transcript of the deposition indicates at page 4 that G and B agreed that "objections are not reserved for trial." An examination of that transcript it is claimed demonstrating numerous objections and interjections by Chin's counsel, a number of times on which the Fifth Amendment and attorney-client privilege was invoked by Chin, objection by his counsel on the grounds of relevance as well as other claimed obstructive conduct by Chin's counsel. In any event, toward the end of the deposition transcript, a conference call took place between B, G and Judge Dorsey. During that call G. informed the judge that he was deposing Chin for the PJR hearing coming up on the following Thursday, August 22, 1991 in order to get information for that hearing. He claimed to the judge that "her [Chin's counsel] objection style has prevented me from getting virtually anything" and that "with her objection style I have been essentially deprived of the opportunity to depose this witness." The judge said that his position was "that all questions that are objected to on the basis of substance, they can be reserved in the record and they can be brought before the PJR judge. I mean if you feel that you were deprived of reasonable opportunity to which has been granted to you to learn something about the nature of the application for the PJR, make a record and take it to the PJR judge and ask for a continuation or ask for whatever remedy you think is appropriate."
This court held a hearing on this motion to compel and the objection to it. As the result of that hearing this court has concluded that the plaintiff Chin's objection to it is to be sustained and that the motion to compel is to be denied. CT Page 2780
Initially, and as a basis in and of itself, to sustain Chin's objection is the response of G, the then counsel for Paul Pozzi, to Judge Dorsey's instruction to him as to the presentation of the matters complained by that counsel to the judge at the conference call of August 14, 1991. There is no indication claimed in the record nor any claim by counsel either in his brief or oral argument on this motion that any of the matters now complained of were presented to Judge DeMayo (who was the PJR judge) let alone decided by that judge. It would appear that Judge Dorsey's directions were not followed. Moreover, the movant on the motion to compel did this as to a deposition on which the objections were not reserved to the time of trial.
Chin has also objected to the Motion to Compel by claiming that waiting for almost four and a half years after the deposition, was conducted amounts — to an abandonment of the claim that the objections raised at the August 14, 1991 deposition were improper. Again, this is an alternate ground, sufficient in and of itself, to sustain Chin's objection to the Motion to Compel. We see no reason why that is not so, where, if the circumstances and reasonable inferences to be drawn from them, demonstrate the intent to abandon the right to file and press a motion to compel as they do here. Neither counsel at the hearing on this motion argued orally or in their briefs that there was a time limitation to file such a motion, so as to have some fair referent to use in assessing the abandonment claim. The court has not found any such limitation. We will use the "time" standard of a "reasonable time." See generally Riley v. United States Air Lines, 32 F.R.D. 230, 232-233
(1962). The words "reasonable time" have no set limits and no precise definition and it is well settled that the words "reasonable time" depends entirely upon the facts and circumstances of each particular case, the same as reasonable time depends upon the facts and circumstances of each particular case. In reSternbey, 300 F. 881, 884 (1924). In discussing "reasonable time" our Supreme Court has said has that "It has never been attempted, however, to fix this time with any degree of precision, except in reference to the circumstances of each particular case." TomlinsonCarriage Co. v. Kinsella, 31 Conn. 268, 273. In the determination of whether a reasonable time has passed since August 1991 in light of the claim of abandonment we keep in mind that abandonment is a question of fact. Pizzuto v. Newington, 174 Conn. 282, 285 (1978); Blum v. Lisbon Learning Corporation, 173 Conn. 175, 182 (1979). "The term abandonment implies a voluntary and intentional renunciation but the intent maybe inferred as a fact from the CT Page 2781 surrounding circumstances." Pizzuto v. Newington Id.; Newkirk v.Sherwood, 89 Conn. 598, 605. It seems to us that the time which has elapsed from August 1991 to the filing of the Motion to Compel is such that it can fairly be inferred to have been an unreasonable time period. Further, we believe that the ability to assert the matters in the motion to compel have already been abandoned some time ago.
One other matter merit brief comment. There is the question raised by Chin's counsel whether the attorney presenting the Motion to Compel was the appropriate one to do so. Chin argues that he was not. We believe that Chin is correct here. In any event, even had the Motion to Compel been presented by Pozzi's present counsel our first ground of sustaining Chin's objection, i.e. the failure of prior counsel for Pozzi to demonstrate that he had followed Judge Dorsey's directions at the 1991 PJR hearing where counsel had earlier agreed that all objections were not reserved to the time would lead to the same disposition of the objection to the motion that we reach here.
Chin's objection of January 26, 1996 to the Motion to Compel is ORDERED to be and is sustained and the Motion to Compel is denied.
Arthur H. Healey State Trial Referee